69104, 69105. BAGWELL v. HUNT; and vice versa.
(329 SE2d 215)

BEASLEY, Judge.

Plaintiff-appellant Bagwell appeals the grant of summary judgment to defendant-appellee Hunt in her action to obtain life insurance proceeds. Hunt cross-appeals.

Bagwell had a son, Dana Keith Dean, who, as a member of the Army National Guard had a Servicemen's Group Life Insurance policy for $35,000. Dean was killed in an automobile accident and the policy primary beneficiary was appellee Hunt, a young woman Dean had been living with for approximately two years prior to his death. Bagwell was the contingent beneficiary. Bagwell commenced this action against Hunt and the insurer to obtain the proceeds of the policy, alleging that Hunt was an "illegal and improper principal beneficiary" because she used "fraud, artifice and deceit" to induce the decedent to make her the principal beneficiary and was therefore not entitled to the insurance proceeds. The complaint was subsequently amended to add an additional count alleging that Hunt promised to marry the decedent "which was the probably (sic) cause" of his naming her principal beneficiary, when she was already married to another. Hunt denied the allegations and moved for summary judgment, supported by her affidavits and deposition stating that she was not aware of the existence of the insurance policy or that she had been named beneficiary until after Dean's death, and did not induce him in anyway to name her as beneficiary to any insurance policy. Bagwell countered this evidence with her own affidavit and deposition which were conclusory in nature and consisted of her speculation and opinion that what she alleged must have occurred. On these pleadings and evidence summary judgment was granted. *Held*:

1. There is no question that Hunt's evidence effectively rebutted the principal allegations of Bagwell's complaint, to which Bagwell presented no competent contradicting evidence. If a prima facie showing is made that the moving party in summary judgment is entitled to judgment as a matter of law, the opposing party must come forward with rebuttal evidence at that time or suffer judgment against him. *Meade v. Heimanson*, 239 Ga. 177 (236 SE2d 357) (1977).

Bagwell argues on appeal that Hunt's deposition, to which she made eighteen corrections before signing it, shows her to have committed false swearing by changing the deposition, therefore making all of her evidence insufficient to support the grant of summary

judgment.

"[W]here a party is intentionally or deliberately self-contradictory, the court may be justified in taking against him that version of his testimony which is most unfavorable to him. *Chambers v. Citizens &c. Nat. Bank*, 242 Ga. 498, 502 (249 SE2d 214) (1978)." *Brooks v. Douglas*, 154 Ga. App. 54, 57 (267 SE2d 495) (1980).

Having carefully examined Hunt's deposition and the corrections thereto, we adopt the trial court's analysis thereof: "[T]he Court has examined the Defendant's deposition and finds nothing therein to discredit her. Her corrections are usually in the nature of additions to the deposition and are understandable corrections. Furthermore, even if portions of her deposition have been discredited because of the changes she has made therein, the Court does not see how this could be construed against her, in as much as no portion of her deposition (whether taken from the original answers to her deposition or her corrections) show anything to support any of the allegations of fraud, artifice, or deceit, or that she is an illegal or improper beneficiary."

Moreover, plaintiff's own deposition contributes to the piercing of the complaint, because she admitted that she had no evidence to substantiate her claims of illegal inducement. Since she cannot prove her claims, her cause fails. *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981).

Accordingly, the trial court did not err in granting the summary judgment.

2. Appellee's cross-appeal is dismissed, as the order appealed from was favorable to her, thus providing no basis for appeal. *Stone v. State*, 158 Ga. App. 511 (281 SE2d 278) (1981); *Cauley v. State*, 130 Ga. App. 278 (2) (203 SE2d 239) (1973); *Bivens v. Todd*, 222 Ga. 84 (1) (148 SE2d 424) (1966).

*In the main appeal, judgment affirmed. The cross-appeal is dismissed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 26, 1985 —

*Richard L. Powell*, for appellant.
*Roland R. Castellanos*, for appellee.