A89A0141, A89A0260. MITCHELL v. WYATT (two cases).
(384 SE2d 227)

BEASLEY, Judge.
Plaintiff Mitchell appeals adverse judgments in two separate suits against Wyatt for injuries which Mitchell allegedly sustained as a passenger in an automobile driven by Wyatt when it collided with another vehicle. The suits have been consolidated on appeal.

The chronology of the litigation is dispositive of the appeals. Mitchell filed a complaint against Wyatt in the State Court of Fulton County and on October 30, 1987, a default judgment was entered against Wyatt. On January 5, 1988, Wyatt moved to set aside the judgment for lack of jurisdiction over his person, per OCGA § 9-11-60 (d) (1). After hearing evidence and argument, the trial court granted the motion to set aside on February 15, finding that Wyatt had not

been properly served as contemplated by OCGA § 9-11-4 (d) (because he was not a resident at the place the marshal left service with his sister) and "thereby" he was not subject to the jurisdiction of the court. Mitchell filed a notice of appeal on March 7.

In May, Mitchell filed virtually the identical suit against Wyatt in the State Court of DeKalb County inasmuch as the evidence at the Fulton hearing indicated he was a resident there, and Wyatt was served on May 20. He answered on June 17, asserting as a defense the pendency of the Fulton County action, and on July 5 moved for summary judgment in DeKalb on that basis.

At the behest of plaintiff Mitchell, another judge of the Fulton court entered a "Final Order of Dismissal" on July 13, reciting again that defendant's motion to set aside the judgment in the Fulton suit was granted because of improper service and stating: "the within action is hereby dismissed with this the final order of the Court." The next day plaintiff filed an amended notice of appeal which indicated appeal was from that "judgment" instead of from the February 15 "judgment." On July 20, plaintiff filed a withdrawal of the "Notice of Appeal previously filed in the above-styled action" apparently referring to the first notice, related to the February 15 order. On July 21, an order vacating the July 13 order was filed. At this juncture, then, the last order in place was the February 15 order, from which no appeal was pending. On July 26 plaintiff filed a "Motion for Order of Dismissal Without Prejudice" because of the February 15 order setting aside judgment for improper service. The Fulton court entered an order of dismissal on August 18.

On August 31, in the DeKalb suit, defendant filed a reply brief in support of his summary judgment motion. He again argued the pendency of the Fulton suit and chronicled its events asserting, *inter alia*, that the Fulton State Court order of July 13 was obtained ex parte and through misrepresentation and that the Fulton court reconsidered and vacated the order. Defendant further argued that summary judgment should be granted also because there existed no genuine issue of material fact to be tried. The DeKalb court granted defendant's motion for summary judgment.

In case number A89A0141, plaintiff Mitchell appeals the grant of summary judgment in the DeKalb action. In case number A89A0260, Mitchell appeals from the August 18, 1988, order of dismissal without prejudice in the Fulton action.

### Case No. A89A0260

1. Appellee Wyatt moves to dismiss the appeal on the basis that appellant seeks the reversal of an order which she herself sought.

Although appellant enumerates as error the trial court's granting

of appellee's motion to set aside the default judgment on February 15 on the ground that it was inconsistent with the facts and the law, appellant's notice of appeal is unquestionably from the August 18, 1988, order of dismissal without prejudice, which she initiated.

"Subject to the provisions of subsection (c) of Code Section 9-11-23, of Code Section 9-11-66, and of any statute, an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case." OCGA § 9-11-41 (a). Such a voluntary dismissal terminates the action. See *Page v. Holiday Inns*, 245 Ga. 12, 13 (262 SE2d 783) (1980). Here, there was no objection to the dismissal nor were there any claims surviving for adjudication; therefore, plaintiff seeks to appeal from an action which has been terminated by her own hand. "It is axiomatic that at the appellate level ' "(o)ne cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." ' [Cit.]" *Management Search v. Avon Prods.*, 166 Ga. App. 262, 263 (1) (304 SE2d 426) (1983).

Even if the action had survived for the purposes of appeal, appellant could not now complain of the setting aside of the default judgment. When a " 'default judgment is vacated and set aside, jurisdiction remains in the trial court and the judgment is neither final within the meaning of (OCGA § 5-6-34 (a) (1)) nor directly appealable within the provisions of OCGA § 5-6-34 (a) (2-9)).' [Cit.]" *Walton v. Collins*, 172 Ga. App. 736 (324 SE2d 574) (1984). Appellant did not obtain a certificate of immediate review from the February 15 order but instead filed a direct notice of appeal, which notice was later withdrawn.

Jurisdiction of this appeal is missing and appellee's motion to dismiss is granted.

2. Appellee's motion for the imposition of penalties against appellant for frivolous appeal pursuant to Court of Appeals Rule 26 (b) is likewise granted. The trial court is hereby directed to enter judgment for a $500 penalty against appellant and in favor of appellee upon the return of the remittitur. See *Hulstzman v. State Farm Fire &c. Co.*, 188 Ga. App. 12, 13 (3) (372 SE2d 9) (1988).

*Case No. A89A0141*

"No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. . . . if two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." OCGA § 9-2-5.

When appellant filed the DeKalb suit in May, the Fulton suit was still pending although judgment for defendant had been set aside. The Fulton suit did not stand dismissed for lack of jurisdiction.

Plaintiff could have voluntarily dismissed it or obtained its dismissal prior to filing the DeKalb suit. The prohibition of OCGA § 9-2-5 applied. Appellant's subsequent voluntary dismissal of the Fulton suit did not avoid the merit of appellee's statutory defense of pendency. *Drohan v. Carriage Carpet Mills*, 175 Ga. App. 717, 718 (4) (334 SE2d 219) (1985). Based on pendency alone, the DeKalb court correctly granted summary judgment to appellee.

*Judgment affirmed in Case No. A89A0141. Appeal dismissed with damages in Case No. A89A0260. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JULY 3, 1989.

*George P. Graves*, for appellant.
*Swift, Currie, McGhee & Hiers, William P. Claxton*, for appellee.