A92A0362. GUSKY v. CANDLER GENERAL HOSPITAL, INC.
(415 SE2d 541)

McMURRAY, Presiding Judge.

This is the second appearance of this action for damages before this Court. In the first appeal we reversed a judgment entered on a jury verdict in favor of defendant Candler General Hospital, Inc., and against plaintiff Gusky. See *Gusky v. Candler Gen. Hosp.*, 192 Ga. App. 521 (385 SE2d 698). A second trial also resulted in a verdict and judgment in favor of the defendant hospital and plaintiff appeals. *Held*:

1. Plaintiff's first two enumerations of error relate to the defendant's opening statement to the jury. While plaintiff contends that a mistrial, or at least a rebuke of defense counsel was appropriate, there was no objection or motion preserving this issue for appeal. A motion for mistrial by one of plaintiff's attorneys was withdrawn by a later statement by both of her attorneys that they did not want the trial court to grant a mistrial. Under these circumstances nothing was preserved for appeal. *Horan v. Pirkle*, 197 Ga. App. 151, 152 (1) (397 SE2d 734); *Nodvin v. West*, 197 Ga. App. 92, 95 (397 SE2d 581); *Goldstein v. Karr*, 110 Ga. App. 806 (1) (140 SE2d 40).

2. Plaintiff's third enumeration of error contends the trial court erred in denying plaintiff's motion for new trial. At a second deposition of witness Gibson, defense counsel conceded that he had previously stated to Gibson "that he did not have to answer anything that he'd answered before under oath if he did not want to." On motion for new trial and on this appeal, plaintiff suggests that this remark and certain interruptions of the deposition of Gibson were harmful to plaintiff's attempt to elicit certain testimony from Gibson. However, even assuming that plaintiff's counsel's remarks at the deposition amounted to an objection, the record does not disclose any ruling by the trial court on these issues prior to the ruling on plaintiff's motion for new trial. A party cannot ignore that which he considers to be an injustice during or prior to the trial of the case in hopes of obtaining a favorable verdict and then enumerate that alleged injustice as error on appeal when the verdict proves to be adverse. *Neiman-Marcus v. Gammage*, 191 Ga. App. 510, 511 (382 SE2d 208). By failing to elicit a ruling on her objections stated at the second Gibson deposition or otherwise seeking remedial action by the trial court prior to the return of the verdict, plaintiff waived her right to appeal the issues raised by this enumeration of error.

3. In her fourth enumeration of error, plaintiff complains of cer-

tain hearsay testimony elicited by defense counsel upon the cross-examination of plaintiff's guardian and stepmother, Ms. Pauline K. DuFour. The statements at issue are the pre-incapacitation admissions of the plaintiff and were properly admitted. OCGA § 24-3-31; *W. T. Harvey Lumber Co. v. J. M. Wells Lumber Co.*, 104 Ga. App. 498 (2) (122 SE2d 143).

Another question, which might have elicited inadmissible hearsay if answered, was never answered by the witness. *City of Jefferson v. Maddox*, 116 Ga. App. 51, 55 (5) (156 SE2d 553). And, in other instances plaintiff's objection was sustained and the witness was not permitted to answer. *Bagwell v. Hunt*, 174 Ga. App. 148, 149 (2) (329 SE2d 215). This enumeration of error is without merit.

4. Plaintiff's final enumeration of error complains of defense counsel contacting the jurors after the verdict was rendered in order to obtain affidavits to sustain the verdict under the provisions of OCGA § 9-10-9. The numerous federal cases cited by plaintiff in support of this enumeration are inapposite as Georgia law does not contain any prohibition of post-verdict contact with jurors comparable to that upon which those federal cases are predicated. The record does not reflect any improper contact with the jurors.

5. Defendant's motion for frivolous appeal penalty pursuant to Court of Appeals Rule 26 (b) is denied.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED FEBRUARY 13, 1992.

*Bergen & Bergen, Joseph B. Bergen, Frederick S. Bergen*, for appellant.

*Bouhan, Williams & Levy, Frank W. Seiler, Peter D. Muller*, for appellee.

