A94A2404. STUDDARD v. SATCHER, CHICK, KAPFER, INC.
(456 SE2d 71)

Pope, Presiding Judge.

Plaintiff, a former stockholder, employee, officer and director of defendant corporation, brought suit against defendant alleging breach of the parties' Purchase and Sale Agreement (Agreement). Defendant answered and counterclaimed, contending that plaintiff breached the non-solicitation provision of the Agreement. Plaintiff filed a motion for partial summary judgment, seeking to have the liquidated damages provision of the Agreement declared unenforceable as a penalty. Defendant responded and moved for partial summary judgment on this issue (i.e., that the trial court uphold the enforceability of the disputed provision). On November 6, 1992, the trial court entered an order upholding the liquidated damages provision. On March 25, 1993, defendant filed a motion for summary judgment, arguing that the undisputed material facts showed plaintiff had breached the non-solicitation provision of the Agreement. The trial court granted this motion on May 25, 1993.

On July 28, 1993, the parties filed a document styled "Settlement Agreement" pertaining to Counts I and II of plaintiff's complaint and amended complaint. On November 1, 1993, plaintiff filed a "Dismissal with Prejudice of Counts I and II of Plaintiff's Amended and Substituted Complaint" (dismissal). This document was dated October 29, 1993, and provided, in part, that "[p]ursuant to the terms of the Settlement Agreement, this dismissal with prejudice constitutes a 'Final Judgment' in the above styled case for all purposes including OCGA

§ 5-6-30 et seq." On November 3, 1993, plaintiff filed her original notice of appeal, wherein she recited that she was appealing "from the Final Judgment dated October 29, 1993." On December 13, 1993, plaintiff filed an amended notice of appeal, stating that she was appealing "from the Dismissal with Prejudice of Counts I and II of Plaintiff's Amended and Substituted Complaint (the 'Dismissal') dated October 29, 1993."

Plaintiff subsequently filed her enumerations of error and brief to this court. In four separate enumerations and supporting argument in her brief, plaintiff challenges the trial court's grant of partial summary judgment to defendant on the issue of the enforceability of the liquidated damages provision. No issues other than those pertaining to the enforcement of the liquidated damages provisions are raised.[1]

It is incumbent upon us, even without prodding by the parties, to inquire into our jurisdiction over this appeal. " 'In every matter coming to this court we are required to examine the record to make certain we possess jurisdiction.' [Cits.]" *Whiddon v. Stargell*, 192 Ga. App. 826, 827 (386 SE2d 884) (1989).

Direct appeals from orders granting partial or complete summary judgment may be taken either within 30 days of rendition of the judgment or after the rendition of the final judgment in the case. See *Olympic Dev. Group v. American Druggists' Ins. Co.*, 175 Ga. App. 425 (1) (333 SE2d 622) (1985); OCGA §§ 9-11-56 (h); 5-6-34 (d). Plaintiff did not seek to appeal the trial court's grant of partial summary judgment to defendant within 30 days of rendition, but instead waited to challenge that order until she voluntarily dismissed portions of her complaint. The question, of course, is whether plaintiff's voluntary dismissal with prejudice constitutes a final, appealable judgment for purposes of this appeal.

OCGA § 5-6-34 (a) provides "Appeals may be taken to the Supreme Court and the Court of Appeals from the following *judgments and rulings of the superior courts*, . . . (1) All final judgments, that is to say, where the case is no longer pending in the court below, except as provided in Code Section 5-6-35 [providing for discretionary review of certain cases]." (Emphasis supplied.) Although plaintiff recited in her dismissal that it was intended to constitute a final judgment in this case, we are not bound by this denomination.[2] On its face, plaintiff's voluntary dismissal was neither a judgment (or other order) ren-

---

[1] This issue appears to pertain to Count III of plaintiff's amended complaint and to Count I of defendant's counterclaim.

[2] Although our Supreme Court has held that a voluntary dismissal with prejudice constitutes a judgment on the merits for purposes of res judicata, *Fowler v. Vineyard*, 261 Ga. 454, 456 (2) (405 SE2d 678) (1991), we have found no cases which clearly hold that a voluntary dismissal with prejudice constitutes a "final judgment" as that term is used in the appellate practice act.

dered by a court having jurisdiction over the matter nor a "final disposition" of the case, in that the dismissal expressly pertained only to the first two counts of plaintiff's complaint. However, even assuming that this voluntary dismissal left nothing pending below, and should, therefore, be considered the "final disposition" in this case, see *Marchman &c. v. Nelson*, 251 Ga. 475 (306 SE2d 290) (1983), this finding does not end our inquiry. A notice of appeal must be filed from an *"appealable* decision or judgment" (emphasis supplied) OCGA § 5-6-38, and must be brought by one with standing to pursue the appeal. In other words, in addition to finality, the order or judgment must be appealable by the party filing the notice of appeal. That is, in our opinion, the jurisdictional defect in this case.

Although the enumerations in this case pertain to the partial grant of summary judgment, the only document filed within 30 days of the filing of the notice of appeal was plaintiff's voluntary dismissal with prejudice, and both the original and amended notice of appeal reference only that document as the order appealed from. In *Mitchell v. Wyatt*, 192 Ga. App. 127, 129 (1) (384 SE2d 227) (1989), this court dismissed an appeal from a voluntary dismissal without prejudice, reasoning that a party cannot appeal rulings it has procured. We think that analysis is applicable to the present case. "Here, there was no objection to the dismissal nor [apparently] were there any claims surviving for adjudication; therefore, plaintiff seeks to appeal from an action which has been terminated by her own hand. 'It is axiomatic that at the appellate level " '(o)ne cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' " (Cit.)' [Cit.]" Id. at 129. It is clear to us that plaintiff cannot use her own voluntary dismissal as the vehicle for appellate review of rulings entered by the trial court more than 30 days from the filing of the notice of appeal. " 'The fact that an appealable judgment is shown to exist, or that the antecedent ruling . . . would be reviewable *when enumerated as error on the proper designation of an appealable judgment,* does not cure the fatal defect in the notice of appeal arising from the failure to appeal from such a judgment. Accordingly, this court is without jurisdiction to entertain the appeal.' (Emphasis supplied.) [Cits.] [We would further note that t]he case before us readily is distinguishable from those instances where the faulty notice of appeal fails to specify definitely the judgment, and thus can be revitalized by the protective ambit of OCGA § 5-6-48 (f). Rather, the order in this case *specifically designates* that the appeal is to be taken from what happens to be a nonappealable order." *Whiddon v. Stargell*, 192 Ga. App. at 828. Cf. *Young Constr. v. Old Hickory House #3*, 210 Ga. App. 559 (1) (436 SE2d 581) (1993) (where notice of appeal did not clearly reflect on its face that the appeal was being taken from a non-appealable order or judgment).

4

*Appeal dismissed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995 —

*Davis, Matthews & Quigley, Frank A. Devincent, J. Charles Olderman,* for appellant.
*Erck, Dever & Merlin, Theodore A. Erck, Jr., H. Michael Dever, Douglas M. Robinson,* for appellee.

