## A96A1967. WARE v. HANDY STORAGE.
(474 SE2d 240)

McMurray, Presiding Judge.

Plaintiff Tony L. Ware, proceeding pro se, brought this action for damages against defendant Handy Storage, alleging that he had contracted to lease a portion of defendant's warehouse for storage but that defendant "willfully converted plaintiff['s] personal property," allegedly worth $14,000,000, by deliberately removing the contents of plaintiff's leased space. Service of process was made upon the Georgia Secretary of State and, after defendant failed to answer, plaintiff moved for a default judgment. The trial court determined that the damages sought by plaintiff were unliquidated damages and denied plaintiff's motion for judgment by default. This direct appeal followed. *Held*:

Plaintiff's notice of appeal recites that it is an appeal "from a Default Judgment entered and filed. . . ." This is incorrect, since plaintiff's motion was expressly denied by the trial court. The Georgia Civil Practice Act, at OCGA § 9-11-55, distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights. *Lanier v. Foster*, 133 Ga. App. 149, 153 (3) (210 SE2d 326). In the case sub judice, the denial of plaintiff's motion for default judgment is not a final adjudication but is an interlocutory ruling which is not directly appealable. OCGA § 5-6-34 (a) (1). Since plaintiff has failed to comply with the mandatory procedures for seeking permission to pursue an interlocutory appeal, the unauthorized direct appeal in the case sub judice must be dismissed. *Havischak v. Neal*, 176 Ga. App. 203 (335 SE2d 469).

*Appeal dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 17, 1996.

Tony L. Ware, *pro se.*
Handy Storage, *pro se.*