A08A0159. WAYE v. CONTINENTAL SPECIAL RISKS, INC.
(656 SE2d 150)

BLACKBURN, Presiding Judge.

In this action involving an alleged breach of an insurance contract, plaintiff Howard Waye appeals the trial court's orders denying his motion for default judgment and granting defendant Continental Special Risks, Inc.'s ("Continental") motion to dismiss on the ground that it was never properly served with process. Continental moves to dismiss the appeal, arguing that this Court lacks jurisdiction because there is no final order from which a direct appeal may be taken.

The record shows that on March 25, 2004, Waye filed suit against Continental and Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm Bureau"), alleging that the defendants failed to pay

---

an insurance claim for damage to logging equipment, which was owned by Waye and covered by defendants' policy. On May 26, 2004, Waye purported to serve both defendants by leaving copies of the complaint with the person in charge of Georgia Farm Bureau's local corporate office. Georgia Farm Bureau filed its answer within 30 days, but Continental, claiming that it had never been properly served, did not file a special appearance and answer until October 22, 2004.

In July 2005, Continental filed a motion to dismiss on the ground that Waye had failed to properly serve Continental with process. Waye, in turn, moved for a default judgment against Continental. On September 19, 2006, the trial court issued an order denying both motions. A week later, Continental filed a motion for reconsideration. As a result, on September 27, 2006, the trial court did reconsider and granted Continental's motion to dismiss for failure to perfect service, thus dismissing Continental from the action and leaving Georgia Farm Bureau as the only remaining defendant. On October 3, 2006, the court granted Waye a certificate of immediate review, which allowed him to seek an interlocutory appeal of the dismissal order. However, Waye's application for interlocutory appeal was not filed within ten days after the grant of the certificate, as required by OCGA § 5-6-34 (b). Consequently, this Court dismissed his application.

Several months later, Waye moved to dismiss Georgia Farm Bureau with prejudice, which the trial court granted on May 15, 2007. The day after the trial court entered its order granting Waye's dismissal of Georgia Farm Bureau, Waye filed a notice of direct appeal. In that notice, Waye specifically stated that he was appealing (i) the trial court's September 19, 2006 order denying his motion for default judgment and (ii) the court's September 27, 2006 order granting Continental's motion for reconsideration of its prior motion to dismiss for failure to perfect service.[1] Shortly after the appeal was docketed, Continental moved to dismiss the appeal on the ground that there is no final order in this matter from which a direct appeal may be taken.

"In every matter coming to this court we are required to examine the record to make certain we possess jurisdiction." (Punctuation omitted.) *Whiddon v. Stargell*.[2] Here, Waye's notice of appeal states that he is appealing the trial court's September 19, 2006 order denying his motion for default judgment and the September 27, 2006

---

[1] Waye's notice of appeal incorrectly describes the September 27, 2006 order as an order which granted summary judgment to Continental. This inaccuracy notwithstanding, it is clear from the record and the parties' briefs that the focus of the appeal is the trial court's dismissal of Continental.

[2] *Whiddon v. Stargell*, 192 Ga. App. 826, 827 (386 SE2d 884) (1989).

order granting Continental's motion to dismiss for failure to perfect service. At the time those orders were originally entered, neither constituted a final adjudication of the case, and thus neither was directly appealable under OCGA § 5-6-34 (a). See *Ware v. Handy Storage;*[3] *Coley Fertilizer Co. v. Gold Kist.*[4] Recognizing this fact, the trial court granted a certificate of immediate review, which allowed Waye to seek an interlocutory appeal of the order dismissing Continental. However, Waye's application for interlocutory review was dismissed due to his failure to file the application within ten days of the grant of the certificate. See OCGA § 5-6-34 (b).

Nevertheless, in an effort to directly appeal those September 2006 orders, Waye some months later voluntarily dismissed with prejudice the only remaining defendant from the case, secured an order from the trial court acknowledging the dismissal, and claimed that this dismissal constituted an appealable final adjudication of the matter. We disagree. The fact that Waye's voluntary dismissal left nothing pending below does not end our inquiry as to whether this Court has jurisdiction over his appeal. "A notice of appeal must be filed from an *appealable* decision or judgment, OCGA § 5-6-38, and must be brought by one with standing to pursue the appeal." (Punctuation omitted; emphasis in original.) *Studdard v. Satcher, Chick, Kapfer, Inc.*[5] A voluntary dismissal is not a decision or judgment that may be appealed by a plaintiff. See id. "It is axiomatic that at the appellate level one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." (Punctuation omitted.) *Mitchell v. Wyatt.*[6] "[Waye] cannot use [his] own voluntary dismissal as the vehicle for appellate review of rulings entered by the trial court more than 30 days from the filing of the notice of appeal." *Studdard*, supra, 217 Ga. App. at 3. The fact that the trial court's September 2006 orders would be reviewable *"when enumerated as error on the proper designation of an appealable judgment*, does not cure the fatal defect in the notice of appeal arising from the failure to appeal from such a judgment." (Punctuation omitted; emphasis in original.) Id. Accordingly, we are without jurisdiction to entertain this appeal.

*Appeal dismissed. Miller and Ellington, JJ., concur.*

---

[3] *Ware v. Handy Storage*, 222 Ga. App. 339 (474 SE2d 240) (1996).

[4] *Coley Fertilizer Co. v. Gold Kist*, 174 Ga. App. 471 (330 SE2d 597) (1985).

[5] *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 3 (456 SE2d 71) (1995).

[6] *Mitchell v. Wyatt*, 192 Ga. App. 127, 129 (1) (384 SE2d 227) (1989).

DECIDED DECEMBER 7, 2007 —
RECONSIDERATION DENIED DECEMBER 27, 2007 

*Walter D. Adams*, for appellant.
*Young, Thagard, Hoffman, Smith & Lawrence, Matthew R. Lawrence, Groover & Childs, William H. Noland*, for appellee.