# Court of Appeals
# of the State of Georgia

ATLANTA, February 07, 2013

*The Court of Appeals hereby passes the following order:*

## A13A0786.  PHILLIP O'DELL v. ROLAND B. MAHONEY, et al.

In this negligence action related to the sale of real property filed by Phillip O'Dell against defendants Roland B. Mahoney, Sandra R. Mahoney, Ben Farmer Realty, and Heather Ensign, the trial court granted Ensign's motion to dismiss on March 5, 2012, and Ben Farmer Realty's motion for summary judgment on April 7, 2012. Thereafter, O'Dell entered into a settlement agreement with Roland and Sandra Mahoney, and the trial court entered its judgment in favor of O'Dell in accordance with the settlement agreement on October 30, 2012.  O'Dell filed a notice of appeal on November 13, 2012, seeking to challenge the trial court's orders of March 5, 2012, and April 7, 2012.  We lack jurisdiction.

"A notice of appeal must be filed from an *appealable* decision or judgment, OCGA § 5-6-38, and must be brought by one with standing to pursue the appeal." (Citation omitted; emphasis in original.) *Waye v. Continental Special Risks*, 289 Ga. App. 82, 84 (656 SE2d 150) (2007). "[A]t the appellate level, one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing."  (Footnote omitted.) *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012).  Although O'Dell filed his notice of appeal from the judgment entered upon the settlement, he does not seek an appeal therefrom.  Rather, O'Dell's notice of appeal establishes that he seeks to appeal only the previous orders.  An order granting summary judgment is directly appealable, and in an appeal from that order, O'Dell would have been authorized to appeal the grant of the motion to dismiss.  See OCGA § 9-11-56 (h); OCGA § 5-6-34. However, the judgment entered upon the settlement agreement cannot be used as a vehicle for obtaining appellate

review of rulings entered by the trial court more than 30 days from the filing of the notice of appeal.  See *Waye*, supra at 84.  Accordingly, we lack jurisdiction and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/07/2013
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*