# Court of Appeals
# of the State of Georgia

ATLANTA,___June 27, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1780. TAMARA P. BONNEY et al. v. BANK OF AMERICA et al.**

This appeal arises from two consolidated civil actions in the court below. On March 18, 2016, the Gwinnett County Superior Court denied Tamara P. Bonney's motion for reconsideration in Case No. 15-A-12437-7. In the same order, the trial court denied Bonney's motion for default judgment in Gwinnett County Superior Court Case No.15-A-07459-7. Bonney appeals from the trial court's March 18 order. We, however, lack jurisdiction.

On October 21, 2015, the trial court dismissed Bonney's claims against Bank of America, NA, Deutsche Bank National Trust Company, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc. and McCalla Raymer in Case No. 15-A-07459-7. Instead of filing a timely notice of appeal from the trial court's order, however, Bonney filed a motion for reconsideration in Case No. 15-A-12437-7, which the trial court denied in the March 18, 2016 order. Bonney now appeals from the trial court's denial of her motion for reconsideration.

A notice of appeal must be filed within 30 days of the entry of the order sought to be appealed. See OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (citation and punctuation omitted). The denial of a motion for reconsideration is not directly appealable, and the filing of such a motion does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). Because Bonney has failed to file a timely notice of appeal from the dismissal of her claims, we lack jurisdiction.

As for the trial court's order denying Bonney's motion for default judgment in Case No. 15-A-07459-7, we also lack jurisdiction. The denial of a motion for default judgment is an interlocutory ruling. *Ware v. Handy Storage*, 222 Ga. App. 339 (474 SE2d 240) (1996). The trial court's order denying Bonney's motion for default judgment was not otherwise designated as a final order under OCGA § 9-11-54 (b), and the case is still pending below against defendants Prommis Solutions, LLC, Impact Mortgage Holdings, Corp., and American Residential Service. Therefore, the order is interlocutory and requires an application for interlocutory review under OCGA § 5-6-34 (b). Because Bonney failed to follow the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b), we lack jurisdiction to consider her appeal. See *Ware*, supra.

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*_____06/27/2016_____
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*