# Court of Appeals
# of the State of Georgia

ATLANTA,  March 21, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0343.  TONY L. WARE v. PINE STATE MORTGAGE CORP. et al.**

Tony L. Ware filed a dispossessory action in magistrate court against defendants Pine State Mortgage Corp., MidFirst Bank, and Mortgage Electronics Registration System, Inc. The magistrate court dismissed the action, and Ware filed a de novo appeal in the superior court. In superior court, Ware filed a motion for default judgment, which was denied. Ware thereafter filed this application for discretionary review. We, however, lack jurisdiction.

The denial of a motion for default judgment is an interlocutory ruling. *Rolleston v. Estate of Sims*, 280 Ga. 32, 32 (1) (622 SE2d 849) (2005); *Ware v. Handy Storage*, 222 Ga. App. 339, 339 (474 SE2d 240) (1996). And the superior court's order denying Ware's motion for default judgment was not otherwise designated as a final order  under OCGA § 9-11-54 (b). Accordingly, the case is still pending below, and Ware was required to follow the interlocutory  appeal  procedures  set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Although Ware filed a discretionary application, "[t]he discretionary appeal statute does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6- 34 (b)." *Bailey*, 266 Ga. at 833.

Ware's failure to follow the proper appellate procedures deprives us of jurisdiction over this premature application, which is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  *03/21/2018*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*