# Court of Appeals
# of the State of Georgia

ATLANTA,  February 06, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1056.  VANESSA JOYNER et al. v. MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC. et al.**

Plaintiffs Vanessa Joyner and Brock Joyner filed a medical malpractice suit in Fulton County against various defendants after their newborn son died. The defendants moved to transfer the case to Chatham County, where it remains pending. Shortly after filing their first suit, the plaintiffs filed two additional lawsuits in Fulton County, each naming a single additional defendant. Aside from the additional defendants named, each lawsuit was identical to the first suit. By consent order, the parties added the additional defendants to the Chatham County action. On May 5, 2017, the plaintiffs dismissed the second and third Fulton County lawsuits under OCGA § 9-11-41 (a) (providing for a voluntary dismissal without prejudice).

Two years later, after the defendants in the Chatham County action argued that the plaintiffs' voluntary dismissals operated as dismissals on the merits, the plaintiffs filed in Fulton County a motion to vacate the prior dismissals and, instead, transfer the second and third lawsuits to Chatham County. The Chatham County trial court stayed the first lawsuit, pending resolution of that motion. On August 19, 2019, the Fulton County trial court summarily denied the plaintiffs' motion to vacate, and on September 12, 2019, the plaintiffs filed this appeal. We lack jurisdiction.

Regardless of the nomenclature of the plaintiffs' motion, they essentially seek to appeal their May 2017 voluntary dismissals. See *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997) ("[P]leadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature[.]"). But "a voluntary dismissal is not a decision or judgment that a

plaintiff may appeal." *Torres v. Elkin*, 317 Ga. App. 135, 139 (1) (730 SE2d 518) (2012); accord *Waye v. Continental Special Risks*, 289 Ga. App. 82, 84 (656 SE2d 150) (2007); *Studdard v. Satcher, Chick, Kapfer, Inc.,* 217 Ga. App. 1, 3 (456 SE2d 71) (1995). This is so because a voluntary dismissal is not a judgment or order by the trial court and because "one cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." *Studdard*, 217 Ga. App. at 3 (punctuation omitted). Moreover, even if the plaintiffs could appeal from their voluntary dismissals, their current appeal filed in September 2019 is untimely as to the May 2017 dismissals. See OCGA § 5-6-38 (a) (providing that notice of appeal must be filed within 30 days).[1]

The plaintiffs also argued below that the May 2017 dismissals should have been set aside under OCGA § 9-11-60 (d). But appeals from orders to set aside judgments under § 9-11-60 (d) must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

For these reasons, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __02/06/2020__
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.

---

[1] To the extent that the plaintiffs' motion to vacate could be construed as a motion for reconsideration of the prior voluntary dismissal, a motion for reconsideration does not extend the time for filing an appeal, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).