**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 26, 2024**

# In the Court of Appeals of Georgia

A24A0431. PACES FUNDING, LLC v. TILLMAN, IV, et al.

MARKLE, Judge.

The current appeal stems from Paces Funding, LLC's (hereinafter "Appellant") action for violation of the Georgia Trade Secrets Act under OCGA § 10-1-761 et al., usurpation of corporate opportunities, and breach of fiduciary duty against Joseph Dean Tillman, IV; Helix Private Lending Income Fund I, LLC; Abbass Jessa; and Wentwood Capital Partners III, LLC (hereinafter "Appellees"). Appellant now appeals from the trial court's order dismissing its claims for usurpation of corporate opportunities and breach of fiduciary duty. Appellees move to dismiss the appeal, arguing that this Court lacks jurisdiction because there was not a final

appealable order. After a thorough review of the record, we agree and therefore dismiss the appeal.

The record shows that Appellant is a private lender for residential real estate. In December 2022, Appellant sued Appellees, alleging that they had misappropriated confidential information and trade secrets when one of its employees started competing businesses. The complaint asserted three claims: violation of the Georgia Trade Secrets Act (Count 1); usurpation of corporate opportunities (Count 2); and breach of fiduciary duty (Count 3). Appellees moved to dismiss Appellant's complaint for failure to state a claim as to Counts 2 and 3. Following a hearing, the trial court granted Appellees' motions, dismissing Counts 2 and 3 of Appellant's complaint, with Count 1 as the only remaining claim. Appellant sought a certificate of immediate review from the trial court, which it denied.

Appellant then filed an amended complaint, alleging the same usurpation of corporate opportunities and breach of fiduciary duty claims raised in the initial complaint. Appellant explained that the amended complaint was "solely to withdraw the claim for violation of the Georgia Trade Secrets Act asserted in Count I of the Complaint." Appellant further asserted that the amendment did not "affect, amend,

2

or alter the claims asserted" in Counts 2 and 3 of the complaint. On that same day, Appellant filed its notice of appeal with this Court. Appellees moved this Court to dismiss Appellants' appeal, contending the order appealed from is not a final order subject to direct appeal.

In every case, before we may consider the merits of an appeal, we must determine our jurisdiction to hear the matter. *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 2 (456 SE2d 71) (1995). Under OCGA § 5-6-34 (a) (1), direct appeals may only be taken from "final judgments, that is to say, where the case is no longer pending in the court below[.]" As we have explained, "[a]n order is considered a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." (Citation omitted.) *GS CleanTech Corp. v. Cantor Colburn, LLP*, 364 Ga. App. 354, 358 (1) (874 SE2d 859) (2022); see also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022). In determining whether an order constituted a final adjudication of the case, and is thus directly appealable under OCGA § 5-6-34 (a), we look to the order at the

time it was originally entered. *Waye v. Continental Special Risks*, 289 Ga. App. 82, 84 (656 SE2d 150) (2007).

> In the absence of a final order,
>
> [o]ther cases can be appealed immediately only with permission from both the trial court and the appellate court. When a trial court enters an order, decision, or judgment not otherwise subject to immediate appeal under OCGA § 5-6-34 (a), appeal from that order may be had only where the trial judge certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had. Upon such certification, the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken from the order, decision or judgment. Accordingly, as a general rule, when a party seeks to appeal a non-final order issued by a trial court before the case is fully adjudicated below, Georgia courts require adherence to the interlocutory procedures of OCGA § 5-6-34 (b) for appellate review.

(Citations and punctuation omitted.) *Buckner-Webb v. State*, 314 Ga. 823, 827 (2) (a) (878 SE2d 481) (2022). In other words, "when the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed." (Citation

omitted.) *IslamKhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016); see also *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (359 SE2d 904) (1987). Moreover,

> [t]he fact that [appellant's] voluntary dismissal left nothing pending below does not end our inquiry as to whether this Court has jurisdiction over his appeal. A notice of appeal must be filed from an *appealable* decision or judgment, OCGA § 5–6–38, and must be brought by one with standing to pursue the appeal.

(Citation and punctuation omitted.) *Waye*, 289 Ga. App. at 84; see also *Studdard*, 217 Ga. App. at 3; *Mitchell v. Wyatt*, 192 Ga. App. 127, 129 (1) (384 SE2d 227) (1989). With these principles in mind, we conclude we are without jurisdiction to consider this appeal.

(a) *The dismissal order was not final.*

Appellant is appealing from the trial court's order dismissing Counts 2 and 3 of the complaint. At the time the trial court's order was originally entered, Count 1 remained; thus, the trial court's order was not a final order and was not directly appealable under OCGA § 5-6-34 (a). *Waye*, 289 Ga. App. at 84. Recognizing it was not a final order, Appellant sought a certificate of immediate review in accordance with OCGA § 5-6-34 (b), which the trial court denied. Then, in an effort to obtain a

direct appeal of the order, Appellant withdrew its claim in Count 1 in its entirety, and filed its notice of appeal.

Appellant argues that once it withdrew Count 1 of its complaint, the trial court's dismissal order *became* a final order. But we cannot agree. Whether Appellant categorizes its actions as a withdrawal or a voluntary dismissal of Count 1 is a distinction without a difference here. The fact remains that Appellant's amendment of the complaint to remove Count 1 *after* the trial court had already dismissed Counts 2 and 3 did not render the order directly appealable because the dismissal order was not a final order at the time it was entered. *Waye*, 289 Ga. App. at 84 (We look to the order at the time it was *originally entered* in determining whether it was a final adjudication of the case, and thus directly appealable under OCGA § 5-6-34 (a)); see also *O'Dell v. Mahoney*, 324 Ga. App. 360, 361 (1) (750 SE2d 689) (2013) ("*At the time those orders were entered*, neither constituted a final adjudication of the case because the Mahoneys remained as parties in the case.") (emphasis added). Because Count 1 of the complaint was still pending at the time the trial court entered the order dismissing Counts 2 and 3, the trial court's dismissal order was not a final order subject to direct appeal.

(b) *The effect of Appellant's withdrawal of Count 1.*

In response to the motion to dismiss this appeal, Appellant asserts that OCGA § 9-11-15 (a) of the Georgia Civil Practice Act permitted it to amend its complaint to withdraw Count 1, eliminating the only remaining count, and thus rendering the dismissal order directly appealable under OCGA § 5-6-34 (a). Appellant also points to federal law in support of its position that it was permitted to amend the complaint in this manner in order to create appellate jurisdiction. We are not persuaded.

Under OCGA § 9-11-15 (a), "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." Appellant also cites to *Community & Southern Bank v. Lovell*, 302 Ga. 375, 376-377 (2) (807 SE2d 444) (2017), for this proposition. However, Appellant's reliance on OCGA § 9-11-15 (a) and *Community & Southern Bank* are misplaced because neither speak to an attempt to amend the complaint to manufacture appellate jurisdiction.[1] And,

[1] Appellant cites to *Community & Southern Bank* for its proposition that "an amendment under Section 9-11-15 is the proper means for a plaintiff to voluntarily withdraw fewer than all of its claims." 302 Ga. 375, 376-377 (2). However, that case juxtaposed a dismissal under OCGA § 9-11-41 with an amendment under OCGA § 9-11-15, and found that OCGA § 9-11-15 was the proper means to withdraw fewer than all claims. 302 Ga. at 376-377 (2). And, although *Community & Southern Bank* suggests we can consider federal law in interpreting OCGA § 9-11-41 and OCGA § 9-11-15, it does not address the question presented here regarding an attempt to manufacture

Appellant cites to no Georgia case law, nor have we found any, that allows an amendment for this purpose.

Moreover, Appellant's reliance on federal law is misguided because it differs from our statutory authority.

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. . . . Applying these principles, if the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.

(Citations and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (751 SE2d 337) (2013).

> Equally as important, we are mindful that

> although we acknowledge as a general principle that we look to federal case law interpreting the Federal Rules of Civil Procedure as persuasive authority where the language of a Georgia statute deviates from the

---

appellate jurisdiction by amending a complaint to dismiss the sole remaining claim.

federal rules, the persuasive value of the authority interpreting and applying the federal rules is diminished.

(Citation omitted.) *General Motors v. Buchanan*, 313 Ga. 811, 821 (2) (c) (874 SE2d 52) (2022).

Here, OCGA § 5-6-34 (a) is clear that direct appeals may not be taken from orders which are not final when appealed — that is, "where the case is no longer pending in the court below." OCGA § 5-6-34 (a) (1). The federal rule under 28 USC § 1291, however, contains no such corresponding language, as it does not further define "final" therein to the extent of the Georgia statute. OCGA § 5-6-34 (a) (1).[2] We cannot ignore the clear language of our statute. *Deal*, 294 Ga. at 173 (1).

Additionally, as our Supreme Court has said, "[o]ur interlocutory appeal statute is not a run-of-the-mill procedural provision . . . It is a jurisdictional law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases." *American Gen. Financial Svcs. v. Jape*, 291 Ga. 637, 644-645

---

[2] 28 USC § 1291 under the federal rules provides that:

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]"

(732 SE2d 746) (2012) (emphasis omitted) (Nahmias, J., concurring specially); see also *Buckner-Webb*, 314 Ga. at 834-835 (Pinson, J., concurring) (analyzing the collateral order doctrine, but noting that 28 USC § 1291 (a) pertaining to the federal court's jurisdiction over final orders issued by the district courts is not the same as our jurisdiction over final orders under OCGA § 5-6-34 (a), and that the language in "OCGA § 5-6-34 (a) leaves no wiggle room for a doctrine that allows appeals when any part of the case is still pending in the trial court."). In this regard, Georgia law regarding the finality of orders is more stringent than that imposed under federal law. *Buckner-Webb*, 314 Ga. at 834-835. Again, we decline to ignore the clear language in OCGA § 5-6-34 (a) that direct appeals may only be taken from orders that are final and no part of the case remains pending in the trial court at the time the order is entered.[3] *Deal*, 294 Ga. at 172-173 (1).

Moreover, the federal cases Appellant relies on are unpersuasive. Appellant cites to *Perry v. Schumacher Group of Louisiana*, 891 F3d 954, 958 (II) (11th Cir. 2018)

---

[3] We note that Appellant, via the amended complaint, appears to essentially reassert Counts 2 and 3 of the original complaint, which the trial court previously dismissed, indicating that it "realleges and incorporates by reference herein [these claims] with the same force and effect as if they had been restated herein." However, we are aware of no Georgia authority which allows a party to reinstate claims via an amended complaint *after* the trial court has previously ordered those claims dismissed.

and *Rosell v. VMSB, LLC*, 67 F4th 1141, 1144 (III) (11th Cir. 2023), for the proposition that an amendment to a complaint withdrawing the remaining claim was proper to permit an immediate appeal of an order dismissing all other claims. But these cases differ from the present case inasmusch as they addressed a voluntary dismissal under Rule 41 of the Federal Rule of Civil Procedure and held that an amendment to the complaint is appropriate to drop some but not all of the claims. *Perry*, 891 F3d at 958 (II); *Rosell*, 67 F4th at 1144 (III). The cases Appellant relies on do not address the propriety of amending a complaint to dismiss all remaining claims solely to create appellate jurisdiction. We have found no Georgia authority that allows Appellant to convert the non-final dismissal order into a final order, by amendment, as Appellant has attempted here. To allow Appellant to manufacture jurisdiction, as it has attempted to do here, would contradict the plain language of OCGA § 5-6-34 (a) and (b).

Based on the foregoing, we conclude we are without jurisdiction to entertain this appeal, and thus the appeal is dismissed.

*Appeal dismissed. Miller, P. J., and Land, J., concur.*