# Court of Appeals
# of the State of Georgia

ATLANTA,  August 05, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0656.   MATEO F. MUNOZ et al. v. FULTON COUNTY PATRICK LABAT et al.**

In 2009, Mateo F. Munoz and Maria Castaneda (collectively, "Munoz") acquired title to property in Fulton County. In 2018, after Munoz failed to pay property taxes, the Fulton County Sheriff held a tax sale, and the property was sold to Deed Co., LLC. In 2020, Munoz filed an equitable complaint to set aside the tax sale against the Fulton County Sheriff; the Fulton County Tax Commissioner; Meriwether Ventures, LLC; and Deed Co. The Fulton County Sheriff, the Fulton County Tax Commissioner, and Deed Co. filed separate motions to dismiss Munoz's complaint, and on May 10, 2021, the trial court granted the defendants' motions to dismiss. The Fulton County Sheriff thereafter filed a motion for attorney fees under OCGA § 9-15-14. On September 27, 2023, following a hearing, the trial court granted the motion for fees and ordered Munoz and Munoz's counsel, William H. Arroyo & Associates, to pay attorney fees pursuant to OCGA § 9-15-14 (a). On October 11, 2023, Munoz filed in the trial court a voluntary dismissal of his claims against Meriwether Ventures pursuant to OCGA § 9-11-41 (a) (1).[1] And on October 25, 2023, Munoz and Arroyo filed a notice of appeal, seeking to appeal from the May 10, 2021 order, as well as the September 27, 2023 award of attorney fees. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry "of the appealable decision or judgment[.]" OCGA § 5-6-38 (a). The proper and timely filing of a notice

---

[1] Meriwether Ventures had previously dismissed its own claims against Munoz.

of appeal is an absolute requirement to confer jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). The notice of appeal, filed more than two years after the trial court's May 2021 order, is untimely as to that order.

Although the notice of appeal was filed within 30 days of Munoz's voluntary dismissal of his remaining claims against Meriwether Ventures, a party may not "voluntarily dismiss the remaining defendants in his lawsuit for the sole reason of obtaining" appellate review of a prior ruling. *O'Dell v. Mahoney*, 324 Ga. App. 360, 362 (1) (750 SE2d 689) (2013); *Waye v. Continental Special Risks, Inc.*, 289 Ga. App. 82, 84 (656 SE2d 150) (2007) (explaining that a party cannot use his "own voluntary dismissal as the vehicle for appellate review of rulings entered by the trial court more than 30 days from the filing of the notice of appeal") (citation and punctuation omitted); accord *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 3 (456 SE2d 71) (1995).

Nor did the voluntary dismissal transform the May 2021 order to a "final order" of the trial court, as suggested in the notice of appeal. See OCGA § 5-6-34 (a) (1) (providing for direct appeal from "final judgments, that is to say, where the case is no longer pending in the court below"). In determining whether an order is final, we must look to the time when it was originally entered. See, e.g., *O'Dell*, 324 Ga. App. at 361 (1); *Waye*, 289 Ga. App. at 84. At the time the May 2021 order was entered, it did not constitute a final judgement, as Munoz's claims against Meriwether Ventures remained pending. See *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) ("In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment.") (punctuation omitted). Thus, neither the May 2021 dismissal order nor the October 2023 voluntary dismissal is a final order of the trial court from which Munoz and Arroyo can appeal directly.

The notice of appeal was also timely to the award of attorney fees, but that does not provide an independent basis for our jurisdiction. An appeal from a trial court

order awarding OCGA § 9-15-14 attorney fees must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (10); *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840, 841-842 (560 SE2d 730) (2002). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   08/05/2024                    *

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*