# Court of Appeals
# of the State of Georgia

ATLANTA,  September 12, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1143.  IN THE INTEREST OF N. G., et al., CHILDREN (MOTHER)**

This appeal stems from the mother's petitions to have custody of her three minor children, N. G., H. G., and D. W., returned to her. The Juvenile Court of Fulton County held a status hearing on July 11, 2022, and it orally granted the motion to dismiss the petitions. On July 12, 2022, the mother filed an exception to the juvenile court's dismissal and a motion for reconsideration. The court memorialized its ruling in a written order issued on July 15, 2022, noting that it lacked original subject matter jurisdiction to rule on the petitions because there was no underlying dependency or pending dependency case. Then, on August 16, 2022, the juvenile court denied the mother's motion for reconsideration.

On September 14, 2022, the mother filed a notice of appeal from the juvenile court's July 15, 2022 dismissal order. In her notice of appeal, she indicated that she was "incorporat[ing] by reference" the court's August 16, 2022 denial of her motion for reconsideration. The mother filed an amended notice of appeal on September 15, 2022, again indicating that she was appealing from the juvenile court's July 15, 2022 order. On September 30, 2022, the juvenile court issued an amended order correcting the following clerical errors in its July 15, 2022 order: the hearing date; the file number, and D. W.'s date of birth. The mother filed a second amended notice of appeal on March 8, 2024, in which she again referenced the July 15, 2022 dismissal order and the August 16, 2022 order denying her motion for reconsideration; she did not point out the September 30, 2022  amended order.

"It is incumbent on us, even without prodding by the parties, to inquire into our jurisdiction over this appeal. In every matter coming to this [C]ourt we are required to examine the record to make certain we possess jurisdiction." *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 2 (456 SE2d 71) (1995) (citation and punctuation omitted).

Pursuant to OCGA § 5-6-38 (a), "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . ." "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Hardrick v. Morgan*, 240 Ga. App. 155, 155 (522 SE2d 742) (1999). Here, the mother did not file a notice of appeal within 30 days of the juvenile court's July 15, 2022 dismissal order. Instead, she filed a motion for reconsideration and filed a notice of appeal within 30 days of the juvenile court's denial of that motion. However, the motion did not extend the time to appeal from the underlying dismissal order, and the order resolving it is not subject to direct appeal. See id. ("[a] motion for reconsideration does not extend the time for filing a notice of appeal[ ]"); *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007) ("the denial of a motion for reconsideration of a final judgment is not itself a judgment subject to direct appeal[ ]").

Because the mother did not file a timely appeal from the juvenile court's July 15, 2022 order of dismissal, we lack jurisdiction to consider this appeal, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___09/12/2024_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*