**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 31, 2024**

# In the Court of Appeals of Georgia

A24A1078. STATE OF GEORGIA v. DECATUR COUNTY-BAINBRIDGE INDUSTRIAL DEVELOPMENT AUTHORITY et al.

WATKINS, Judge.

In December 2023, the State of Georgia sought to validate up to $300 million in taxable revenue bonds to fund construction and development of a primate breeding facility. The trial court granted the State's petition and validated the bond. Area citizens subsequently moved to intervene in the proceeding, and the State filed a motion for reconsideration or, alternatively, to set aside the bond validation order. In its motion, the State alleged that based on new information that had recently come to his attention, the district attorney who filed the petition now believed that certain

requirements for the project had not been met. Before the trial court ruled on the motion, however, the State filed a notice of appeal from the bond validation order.

"It is incumbent upon this Court to inquire into its own jurisdiction."[1] In the appeal presently before this Court, the State asks us to vacate a bond validation order that was issued pursuant to the State's own request. The State contends that the bond validation proceedings were improper, but the State acknowledges that at the time the trial court issued its order on the petition, the court was unaware of the deficiencies. Indeed, as the State acknowledges, the bond validation petition averred that all the requirements for a bond validation had been met.

Because the State petitioned the trial court for the bond validation, it cannot bring an appeal from the trial court's order granting that petition. "A notice of appeal must be filed from an appealable decision or judgment, OCGA § 5-6-38, and must be brought by one with standing to pursue the appeal."[2] And "[i]t is axiomatic that at the appellate level one cannot complain of a judgment, order, or ruling that his own

---

[1] (Citation and punctuation omitted.) *Nance v. Houston County School Dist.*, 359 Ga. App. 204, 205 (857 SE2d 97) (2021).

[2] (Citation, punctuation and emphasis omitted.) *Waye v. Continental Special Risks, Inc.*, 289 Ga. App. 82, 84 (656 SE2d 150) (2007).

procedure or conduct procured or aided in causing."[3] Here, the trial court granted the State's petition to validate the bonds at issue. The trial court's order, therefore, provides no basis for the State to appeal, and this appeal must be dismissed.[4]

*Appeal dismissed. Doyle, P. J., concurs. Hodges, J., concurs in judgment only.*

---

[3] (Citation and punctuation omitted.) Id. (dismissing plaintiff's appeal from his own voluntary dismissal). See also *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 3 (456 SE2d 71) (1995) (same); *Bagwell v. Hunt*, 174 Ga. App. 148, 149 (2) (329 SE2d 215) (1985) (dismissing cross-appeal "as the order appealed from was favorable to [the cross-appellant], thus providing no basis for appeal[ ]").

[4] See *Kelly v. State*, 315 Ga. 444, 445 (1) n.2 (883 SE2d 363) (2023) (citing *Bivens v. Todd*, 222 Ga. 84, 85 (148 SE2d 424) (1966), for the principle that a party's appeal must be dismissed when it is brought from a judgment that was completely favorable to him).