**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Western Corporate Federal Credit Union, *Plaintiff-Appellant*, | No. 13-56620 D.C. No. 2:11-cv-05887-GW-JEM |
| v. | |
| RBS SECURITIES, INC., FKA RBS Greenwich Capital Markets, Inc., *Defendant,* | OPINION |
| and | |
| NOMURA HOME EQUITY LOAN, INC., *Defendant-Appellee.* | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 8, 2015
Pasadena, California

Filed August 15, 2016

Before: Dorothy W. Nelson, Stephen Reinhardt,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge D.W. Nelson

## SUMMARY*

### Securities

The panel vacated the district court's judgment dismissing as time-barred claims brought under the Securities Act of 1933.

The National Credit Union Administration Board (NCUA), liquidating agent for a failed credit union, sued defendants for making false and misleading statements in their offerings of residential mortgage-backed securities purchased by the credit union.

The "Extender Statute," 12 U.S.C. § 1787(b)(14), part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, establishes the applicable statute of limitations with regard to any action brought by the NCUA as conservator or liquidating agent for a failing or failed credit union. The panel held that the Extender Statute supplants the statute of repose contained within 15 U.S.C. § 77m, which provides that a private investor pursuing a claim under § 11 or § 12(a)(2) of the Securities Act must bring suit within three years after the security was offered or

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

sold. Joining other circuits, the panel held that the Extender Statute replaces all preexisting time limitations, whether styled as a statute of limitations or a statute of repose, in any action by the NCUA as conservator or liquidating agent. The panel also held that the Extender Statute's scope includes actions such as this one, in which the NCUA asserted statutory claims rather than common law tort or contract claims. The panel distinguished *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014), which addressed a preemption provision of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980.

The panel held that the NCUA's claims were timely filed. It remanded the case for further proceedings consistent with its opinion.

## COUNSEL

David C. Frederick (argued), Wan J. Kim, and Gregory G. Rapawy, Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC, Washington, D.C.; George A. Zelcs, Korein Tillery LLC, Chicago, Illinois; Michael J. McKenna and John K. Ianno, National Credit Union Administration, Alexandria, Virginia; for Plaintiff-Appellant.

Matthew S. Hellman (argued), Barbara S. Steiner and Barry Levenstam, Jenner & Block LLP, Chicago, Illinois, for Defendant-Appellee Nomura Home Equity Loan, Inc.

Marc T.G. Dworsky and David H. Fry, Munger, Tolles & Olson LLP, San Francisco, California, for Defendant-Appellee Wachovia Mortgage Loan Trust, LLC.

## OPINION

D.W. NELSON, Senior Circuit Judge:

This case concerns the National Credit Union Administration Board's (NCUA) liquidation of Western Corporate Federal Credit Union (Wescorp). The NCUA sued Wachovia Mortgage Loan Trust, LLC (Wachovia) and Nomura Home Equity Loan, Inc. (Nomura) for making false and misleading statements in their offerings of residential mortgage-backed securities (RMBS) purchased by Wescorp. The NCUA brought these claims under the Securities Act of 1933 (1933 Act). The district court dismissed the NCUA's claims, ruling that 12 U.S.C. § 1787(b)(14) (the Extender Statute) did not supplant the statute of repose contained within 15 U.S.C. § 77m, and therefore that the NCUA's claims were time-barred. We **VACATE** the district court's judgment and **REMAND** the case for further proceedings consistent with this opinion.

## BACKGROUND

The NCUA is an independent federal agency responsible for chartering and regulating federal credit unions, regulating federally insured state-chartered credit unions, and administering the Share Insurance Fund (the Fund). *See* 12 U.S.C. §§ 1752a(a), 1754, 1781, 1783–1784. The Fund insures the deposits of nearly 100 million account holders. It is financed through deposits by and assessments against insured credit unions and backed by the full faith and credit of the United States. *See id.* § 1782(c).

When an insured credit union is in danger of failing, the NCUA has the authority to step in as a conservator to

preserve the credit union's assets and to protect the Fund. *See id.* §§ 1766, 1786(h). Upon finding that a credit union is bankrupt or insolvent, the NCUA closes the credit union for liquidation and appoints itself as liquidating agent. *Id.* § 1787.

Before its failure, Wescorp was the second largest corporate credit union in the United States. It offered a variety of financial services to other credit unions. Like many financial institutions before the collapse of the housing market, Wescorp invested in RMBS, which are securities backed by thousands of individual residential mortgages. And, like many such financial institutions, Wescorp failed after suffering heavy losses on its RMBS investments.

Pursuant to its statutory authority, the NCUA placed Wescorp into conservatorship, and later into liquidation. After assuming control of Wescorp, the NCUA determined that offering documents for RMBS issued by Wachovia and Nomura and purchased by Wescorp in 2006 and 2007 contained certain statements and omissions that the NCUA believed materially misrepresented the quality of the residential loans underlying the RMBS. The NCUA sued Wachovia and Nomura for violations of § 11 and § 12(a)(2) of the 1933 Act, ch. 38, 48 Stat. 74 (codified as amended at 15 U.S.C. § 77a *et seq.*).[1]

Pursuant to § 13 of the 1933 Act, a private investor pursuing a claim under § 11 or § 12(a)(2) ordinarily must

---

[1] The NCUA and Wachovia entered into a settlement agreement while the NCUA's appeal was pending. On October 28, 2015, this Court granted their stipulated motion to dismiss the NCUA's claims against Wachovia. Case No. 13-56620 Dkt. No. 75.

bring suit: (1) within one year after discovering a violation, and (2) within three years after the security was offered or sold. 15 U.S.C. § 77m. The Supreme Court has explained that the second requirement is a statute of repose. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991). Unlike a statute of limitations, which begins to run when a claim accrues and may be subject to equitable tolling, "[a] statute of repose bars any suit that is brought after a specified time since the defended acted . . . , even if this period ends before the plaintiff has suffered a resulting injury." *CTS Corp. v. Waldburger*, 143 S. Ct. 2175, 2182 (2014). A statute of repose is "therefore equivalent to a cutoff, in essence an absolute bar on a defendant's temporal liability." *Id*. at 2183 (internal citations and quotation marks omitted).

However, in response to the Savings and Loan Crisis, Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub. L. 101–73, 103 Stat. 183. FIRREA contains special provisions concerning the failure of financial institutions. Among other things, it provides that the NCUA may be appointed as a conservator or liquidating agent for failing and failed credit unions, and that upon such appointment, the NCUA gains the right to pursue any claims the credit unions had. *See generally* 12 U.S.C. § 1787.

Additionally, FIRREA contains the Extender Statute, which establishes "the applicable statute of limitations with regard to any action brought by [the NCUA] as conservator or liquidating agent." 12 U.S.C. § 1787(b)(14). The Extender Statute requires that contract claims be brought within the longer of: (1) the 6-year period beginning on the date the claim accrues; or (2) the period applicable under

State law.  *Id.* § 1787(b)(14)(A).  It requires that tort claims be brought within the longer of: (1) the 3-year period beginning on the date the claim accrues; or (2) the period applicable under State law.  *Id.*  For purposes of these provisions, a claim accrues the later of: (1) the date of appointment of the NCUA as conservator or liquidating agent; or (2) the date on which a cause of action accrues.  *Id.* § 1787(b)(14)(B).

The NCUA placed Wescorp into conservatorship on March 20, 2009.  It filed its original complaint less than three years later, on July 18, 2011.  Nevertheless, the district court held the NCUA's claims were not timely filed.  Instead, the district court interpreted the Extender Statute narrowly, finding that it supplanted only the one-year  "statute of limitations" and not the three-year "statute of repose" contained in § 13 of the 1933 Act.  Because the NCUA did not file suit within three years after the securities at issue were offered or sold (as the statute of repose ordinarily requires), the district court dismissed the NCUA's claims against Wachovia and Nomura as time-barred.

We disagree with the district court's interpretation of the Extender Statute.  We hold that the Extender Statute replaces all preexisting time limitations—whether styled as a statute of limitations or a statute of repose—in any action by the NCUA as conservator or liquidating agent.  We also hold that the Extender Statute's scope—"any action brought by the [NCUA]"—includes actions such as this one, in which the NCUA asserts statutory claims rather than common law tort or contract claims.  In sum, we conclude that the NCUA's claims were timely filed.

## STANDARD OF REVIEW

We review a dismissal on statute of limitations grounds de novo. *Papenthien v. Papenthien*, 120 F.3d 1025, 1027 (9th Cir. 1997).

## ANALYSIS

## I. The District Court Erred in Holding that the Extender Statute Does Not Supplant the 1933 Act's Statute of Repose.

### a. FIRREA applies to statutes of repose.

We join all appellate courts to have considered the question of whether an extender statute like the one in FIRREA applies to both statutes of limitations and to statutes of repose and find that it does.[2]  Indeed, the Extender Statute

---

[2] The Tenth Circuit Court of Appeals held, as we do, that the Extender Statute supplanted § 13's statute of repose. *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 727 F.3d 1246 (10th Cir. 2013) *cert. granted, judgment vacated*, 134 S. Ct. 2818 (2014).  It affirmed its holding on remand. *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc. (Nomura II)*, 764 F.3d 1199 (10th Cir. 2014) *cert. denied*, 135 S. Ct. 949 (2015).

The Second Circuit Court of Appeals held that 12 U.S.C. § 4617(b)(12), the analogous extender statute for actions by the Federal Housing Finance Agency, displaces § 13's statute of repose. *Fed. Hous. Fin. Agency v. UBS Americas Inc.*, 712 F.3d 136 (2d Cir. 2013).

The Fifth Circuit Court of Appeals and the Nevada Supreme Court each held that 12 U.S.C. § 1821(d)(14), the analogous extender statute for actions by the Federal Deposit Insurance Corporation supplants all other time limits. *Fed. Deposit Ins. Corp. v. RBS Sec. Inc.*, 798 F.3d 244 (5th

establishes a universal time limit for all actions by the NCUA as conservator or liquidating agent.   Both textual and contextual analyses of the statute confirm this conclusion, and the Supreme Court's decision in *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014) does not support Appellees' arguments to the contrary.

## 1. By its plain meaning, the Extender Statute displaces all other time limitations.

The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).   In this case, it does.   And that plain and unambiguous meaning demonstrates that the Extender Statute applies not only to the 1933 Act's statute of limitations, but also to its statute of repose.

The Extender Statute provides:

**(A) In general**

Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [NCUA] as conservator or liquidating agent shall be–

(i) in the case of any contract claim, the longer of–

Cir. 2015) *cert. denied*, 136 S. Ct. 1492 (2016); *Fed. Deposit Ins. Corp. v. Rhodes*, 336 P.3d 961 (Nev. 2014).

(I) the 6-year period beginning on the date the claim accrues; or

(II) the period applicable under State law; and

(ii) in the case of any tort claim, the longer of–

(I) the 3-year period beginning on the date the claim accrues; or

(II) the period applicable under State law.

**(B) Determination of the date on which a claim accrues**

For purposes of subparagraph (A), the date on which the statute of limitations begins to run on any claim described in such subparagraph shall be the later of–

(i) the date of the appointment of the [NCUA] as conservator or liquidating agent; or

(ii) the date on which the cause of action accrues.

12 U.S.C. § 1787(b)(14).  The Extender Statute begins by setting forth "*the* applicable statute of limitations with regard to *any* action brought by the [NCUA] as conservator or liquidating agent." *Id.* § 1784(b)(14)(A) (emphasis added).

It further provides that the limitations period "shall be" six years for contract cases, three years for tort cases, or in either case, the respective applicable period under State law if that period is longer.  *Id.*

By expressly stating that "the" statute of limitations for "any action" brought by the NCUA as conservator or liquidating agent "shall be" as specified, Congress made clear that no other limitations period applies to the NCUA's claims. *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199, 1226 (10th Cir. 2014) (*Nomura II*); *Fed. Housing Finance Agency v. UBS Americas Inc.*, 712 F.3d 136, 141–42 (2d Cir. 2013).  It is clear to us that the Extender Statute's plain meaning "indicates that it . . . supplants all other time limits."  *Nomura II*, 764 F.3d at 1226; *see also Fed. Deposit Ins. Corp. v. RBS Securities Inc.*, 798 F.3d 244, 254 (5th Cir. 2015) ("Interpreting the statute as excluding repose periods from its ambit would circumvent that mandatory language by providing the FDIC with less than three years from the date of its appointment as receiver to bring claims.").

> **2. Various tools of statutory construction further support our determination that the Extender Statute displaces the 1933 Act's statute of repose.**

Numerous tools of statutory construction confirm our conclusion.  The statutory context and FIRREA's legislative history clearly indicate that the Extender Statute displaces the 1933 Act's statute of repose.

First, when viewed in the context of FIRREA as a whole, it is apparent that the Extender Statute displaces the 1933

Act's statute of repose.   Specifically, FIRREA refers to "statute of limitations" or "statute of limitation" in six provisions including the Extender Statute.   12 U.S.C. §§ 1787(b)(5)(F)(i), (b)(6)(B), (b)(8)(D), (b)(8)(E), (b)(14), (d)(4).   Tellingly, three of the six uses refer to limitations periods better characterized as statutes of repose.   Those three provisions, which set deadlines for appealing NCUA's denial of a claim, employ the term "statutes of limitations" but they do not provide for tolling—the hallmark of statutes of repose. 12 U.S.C. §§ 1787(b)(6)(B) ("the claimant shall have no further rights or remedies" after 60 days), (b)(8)(D) ("the claimant shall have no further rights or remedies" after 30 days), (d)(4) (establishing a fixed time limit for appeal that begins to run on the date of the decision being challenged). This suggests that FIRREA uses the term "statutes of limitations" broadly, to include what are technically statutes of repose.  *See Nomura II*, 764 F.3d at 1230–31 (explaining that the absence of a provision for accrual or tolling in these three sections suggests that FIRREA uses "statute of limitations" broadly).  It follows that the term should be given the same broad meaning when it is used in other places in FIRREA, including in the Extender Statute.  And giving the term this broad meaning makes it clear that the Extender Statute displaces any preexisting time limitation in any action by the NCUA as conservator or liquidating agent.

FIRREA's   legislative   history   also   supports   our conclusion.  When submitting FIRREA's conference report to the Senate, FIRREA's sponsor stated that the Extender Statute should be "construed to maximize potential recoveries by the Federal Government by preserving to the greatest extent permissible by law claims that would otherwise have been lost due to the expiration of hitherto applicable limitations period."  135 Cong. Rec. S10205 (Daily Ed. Aug.

4, 1989) (statement of Senator Donald W. Riegle, Jr., then-Chairman of the Committee on Banking, Housing, and Urban Affairs and sponsor of FIRREA in the Senate).   Indeed, FIRREA's stated purposes were to "strengthen the enforcement powers of Federal regulators of depository institutions," FIRREA, Pub.L. No. 101–73, 103 Stat. 183 § 101(9), and to "strengthen the civil sanctions and criminal penalties for defrauding or otherwise damaging depository institutions and their depositors," *id.* § 101(10).   We have recognized FIRREA reflects a "policy of protecting the government's right to recovery." *Fed. Deposit Ins. Corp. v. N.H. Ins. Co.*, 953 F.2d 478, 486–87 (9th Cir. 1991).   This policy is best advanced by interpreting the Extender Statute to supplant the 1933 Act's statute of repose.   Thus, we agree with the Tenth Circuit Court of Appeals that the legislative history clearly "demonstrates Congress meant any ambiguity in the term 'statute of limitations' to be construed broadly." *Nomura II*, 764 F.3d at 1217 (noting also that "[i]t strains common sense to think Congress would have saddled the NCUA with having to comply with multiple federal and state statutes of repose").

Arguing otherwise, Appellees point to the Extender Statute's instruction to begin the limitations period on the date of a claim's "accrual" as a sign that the new limitations period must not displace statutes of repose.   This is so, according to Appellees, because the concept of "accrual" is irrelevant to a statute of repose, which is generally triggered by the defendant's act.   Appellees' argument confuses the statute's use of accrual.   The references to accrual simply reflect that the new timeframe for the NCUA to assert claims begins only after a claim accrues.   *RBS Securities Inc.*, 798 F.3d at 254; *Nomura II*, 764 F.3d at 1229.   Those references do not define the type of limitations period that the

Extender Statute replaces.  They pertain only to the limitation period that the Extender Statute creates.  Thus, the use of this term has no bearing on whether the Extender Statute supplants the 1933 Act's statute of repose.

### 3.   The Supreme Court's decision in *CTS Corp. v. Waldburger* does not support Appellees' arguments.

Appellees' heavy reliance on the Supreme Court's decision in *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014) is misplaced.  The statute at issue in *CTS* fundamentally differs from the Extender Statute in numerous ways. Accordingly, the Supreme Court's analysis of that statute does not compel a contrary conclusion to the one we reach here.

In *CTS Corp.*, the Supreme Court considered the effect of 42 U.S.C. § 9658, an amended provision of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), that by its terms preempted "State statutes of limitations."  The Court concluded that the statute preempted only statutes of limitations, not statutes of repose.[3]  134 S. Ct. at 2180.  In reaching this conclusion, the Court

---

[3] CERCLA § 9658 reads in pertinent part as follows:

(a) State statutes of limitations for hazardous substance cases

(1) Exception to State statutes

In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by

exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute.

(2) State law generally applicable

Except as provided in paragraph (1), the statute of limitations established under State law shall apply in all actions brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility.

. . .

(b) Definitions

. . .

(2) Applicable limitations period

The term "applicable limitations period" means the period specified in a statute of limitations during which a civil action referred to in subsection (a)(1) of this section may be brought.

(3) Commencement date

The term "commencement date" means the date specified in a statute of limitations as the beginning of the applicable limitations period.

first discussed the differences between statutes of limitations and statutes of repose, noting that a "statute of limitations creates 'a time limit for suing in a civil case based on the date when the claim accrued.'" *Id.* at 2182 (quoting BLACK'S LAW DICTIONARY 1546 (9th ed. 2009)). In contrast, a statute of

---

(4) Federally required commencement date

    (A) In general

        Except as provided in subparagraph (B), the term "federally required commencement date" means the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages referred to in subsection (a)(1) of this section were caused or contributed to by the hazardous substance or pollutant or contaminant concerned.

    (B) Special rules

        In the case of a minor or incompetent plaintiff, the term "federally required commencement date" means the later of the date referred to in subparagraph (A) or the following:

            (i) In the case of a minor, the date on which the minor reaches the age of majority, as determined by State law, or has a legal representative appointed.

            (ii) In the case of an incompetent individual, the date on which such individual becomes competent or has had a legal representative appointed.

repose, "puts an outer limit on the right to bring a civil action." *Id.* The Court explained that a statute of limitation therefore encourages plaintiffs to pursue their known claims diligently whereas a statute of repose reflects a legislative judgment that defendants should be free from any liability after the passage of a certain amount of time. *Id.* at 2183.

In determining that § 9658 did not apply to statutes of repose, the Court pointed to several things. First, it noted that § 9658 provides only a limited exception to state statutes of limitations. This exception concerns only the commencement date of the limitations period. *Id.* at 2185. The state statutes continue to provide the limitations period itself. "Under this structure," the Court stated, "state law is not pre-empted unless it fits into the precise terms of the exception." *Id.* Second, the Court identified a 1982 Study Group Report recommending that in the same discovery rule later embodied in § 9658, Congress repeal state statutes of limitations as well as state statutes of repose. *Id.* at 2186. The Court reasoned that if Congress decided not to mention statutes of repose despite this clear indication that it considered doing so, then Congress must have intended to omit statutes of repose from § 9658's scope. *Id.* The Court then noted the text of the statute "describing the covered [limitations] period in the singular[,]" which the Court explained "would be an awkward way to mandate the pre-emption of two different time periods with two different purposes." *Id.* at 2186–87.

FIRREA's Extender Statute is "fundamentally different" from § 9658. *Nomura II*, 764 F.3d at 1208.[4] Whereas the

---

[4] We note that in light of its holding in *CTS Corp.*, the Supreme Court vacated the Tenth Circuit's original holding that the NCUA's extender

Extender Statute sets entirely new time limits for claims brought by the NCUA, § 9658 establishes only a new commencement date for the limitations period set by state law. *CTS Corp.*, 134 S. Ct. at 2185. Thus, while § 9658 is properly characterized as a limited exception to the otherwise applicable state law, the Extender Statute provides the exclusive limitations framework for any action by the NCUA as conservator or liquidating agent, leaving no room for any state limitations period that might otherwise apply.

Moreover, unlike in *CTS*, there is no evidence in this case that Congress considered separately addressing statutes of repose, and then declined to do so. In contrast to the enactment of § 9658, where the existence of the 1982 Study Group Report reflected that Congress intentionally limited the scope of preemption to state statutes of limitations, there is "no evidence Congress distinguished between statutes of limitations and statutes of repose" when it enacted FIRREA. *Nomura II*, 764 F.3d at 1215. Absent such evidence, the "limitations period," viewed in isolation, provides little insight into Congress's intent. Indeed, it is well understood that "the term 'statutes of limitations' is sometimes used in a less formal way . . . [to] refer to any provision restricting the time in which a plaintiff must bring suit," and that "Congress has used the term 'statute of limitations' when enacting statutes of repose." *CTS Corp.*, 134 S. Ct. at 2185 (citing

---

statute displaced the 1933 Act's statute of repose. *Nomura Home Equity Loan, Inc. v. Nat'l Credit Union Admin. Bd.*, 134 S. Ct. 2818 (2014).

On remand, the Tenth Circuit reaffirmed its conclusion, finding little difficulty distinguishing § 9658 from the NCUA's extender statute. *Nomura II*, 764 F.3d at 1208. The Supreme Court denied certiorari when the case returned from the Tenth Circuit. *Nomura Home Equity Loan, Inc. v. Nat'l Credit Union Admin. Bd.*, 135 S. Ct. 949 (2015).

15 U.S.C. § 78u-6(h)(1)(B)(iii)(I)(aa) (2012 ed.) (placing a statute of repose in a section entitled "Statute of limitations")).

Finally, unlike § 9658, the Extender Statute uses the singular word "period" not to refer to the state law timeframe(s) being replaced, but rather to refer to the new timeframe being established.  That new exclusive timeframe adopts "the period applicable under State law" only when that period is longer than the period otherwise prescribed.  Thus, the Extender Statute's use of the word "period" by no means operates to exclude statutes of repose from its scope.

In sum, we reject Appellees' arguments that the Supreme Court's holding in *CTS Corp.* requires a contrary conclusion to the one we reach here.  We hold that in actions by the NCUA as conservator or liquidating agent, the Extender Statute displaces all preexisting time limitations, including the 1933 Act's statute of repose.

### b. The Extender Statute applies to statutory claims.

We now turn to whether the Extender Statute applies to statutory claims, and not merely to common law claims.  We conclude that it does.

"The preeminent canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'"  *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992)).  As our Court has long held, "[i]f the statutory language is unambiguous and the statutory scheme is

coherent and consistent, judicial inquiry must cease." *Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2011) (internal quotation marks omitted).

The text of the Extender Statute is unambiguous. The Extender Statute applies to "any action brought by the [NCUA]" as conservator or liquidating agent, regardless of whether the action is state or federal, or whether the NCUA asserts statutory or common law claims. Because the Extender Statute applies to "any action," it is improper to read its description of the six-year limitations of contract claims and three-year limitations of tort claims as limiting its scope to only common law contract and tort claims. Instead, the natural reading of the Extender Statute is that it also applies to statutory claims.

Indeed, this natural reading of the Statute's text was adopted by the Second Circuit Court of Appeals in holding that a materially similar statute in the Housing and Economic Recovery Act was applicable to actions in which the Federal Housing Finance Agency (FHFA) asserted both state and federal claims. *Federal Housing Finance Agency v. UBS Americas Inc.*, 712 F.3d 136 (2d Cir. 2013). The Second Circuit found that "[b]y explicitly stating that '*the*' statute of limitations for '*any action*' brought by FHFA as conservator '*shall be*' as specified in § 4617(b)(12), Congress clearly provided that the extender statute [applied]." *Id.* at 141–42. (emphasis in original).

Because the statute is unambiguous, our inquiry need not go any further. *Miranda*, 684 F.3d at 849. But if there were any remaining doubt, the legislative history confirms our reading. FIRREA was enacted to "significantly increase the amount of money that can be recovered by the Federal

Government through litigation, and help ensure the accountability of the persons responsible for the massive losses the Government has suffered through the failures of insured institutions." 135 Cong. Rec. S10205 (daily ed. Aug. 4, 1989) (statement of Senator Riegle)).  Indeed, the Supreme Court has noted that "[a]s a result [of the financial crisis of the 1980s], Congress enacted . . . [FIRREA] . . . with the objects of preventing the collapse of the industry, attacking the root causes of the crisis, and restoring public confidence." *United States v. Winstar Corp.*, 518 U.S. 839, 856 (1996). We find that FIRREA's legislative history and purpose clearly reflect that Congress intended the Extender Statute to apply to statutory claims.  *See Nomura II*, 764 F.3d at 1238–39 (concluding that restricting the Statute to common law claims, "would flatly contradict FIRREA's explicit purpose").[5]

We find unconvincing Appellees' argument that allowing the Extender Statute to supply the applicable statute of limitations would result in a repeal of a portion of the 1933 Act.  When enacting FIRREA, Congress carved out a specific set of rules that applies only to agencies like the NCUA when

---

[5] Though the Tenth Circuit found that the Extender Statute's text was ambiguous as to whether it was limited to common law claims, it ultimately held that the Statute did apply to statutory claims in part because of FIRREA's legislative purpose.  *Nomura II*, 764 F.3d at 1236–42.

Additionally, it found that an analysis of 28 U.S.C.A. § 2415, the default federal statute of limitations that Congress used as a model when drafting the Extender Statute, also demonstrated that Congress intended for FIRREA to apply to statutory claims.  *Id.* at 1239.  The Tenth Circuit held, and we agree, that because § 2415 had been used by courts to apply to statutory claims, this is further evidence that the Statute should not be limited.  *Id.* at 1239, 1241.

they pursue claims on behalf of failing or failed financial institutions.  Thus, applying the Extender Statute results in a narrow exception to the 1933 Act for federal agencies in a limited capacity, and not for any other litigants who file suit. There is no implicit repeal.

Given the plain text of the Extender Statute and the legislative history of FIRREA, we hold that the Extender Statute applies to statutory claims, including those brought pursuant the 1933 Act that the NCUA asserts in this action.

## CONCLUSION

The district court erred in holding that FIRREA's Extender Statute does not displace the 1933 Act's statute of repose in actions by the NCUA as conservator or liquidating agent.  We therefore **VACATE** the district court's judgment and **REMAND** the case for further proceedings consistent with this opinion.