302 Ga. 375
FINAL COPY

S17A0765. COMMUNITY & SOUTHERN BANK v. LOVELL et al.

BLACKWELL, Justice.

In December 2011, Georgia Trust Bank secured a judgment against Virgil Lovell for $1.2 million. The next year, Georgia Trust failed, and its assets went into receivership with the Federal Deposit Insurance Corporation, which later sold the judgment against Lovell to Community & Southern Bank (CSB). When CSB was unable to collect the full amount of the judgment, it discovered a number of recent transactions in which Lovell and his companies had conveyed their respective interests in properties that, CSB believed, otherwise would have been available to satisfy the judgment. In January 2015, CSB filed a lawsuit against Lovell, his wife, and several of his companies, asserting claims under the Uniform Fraudulent Transfers Act (UFTA)[1] to set aside those conveyances as

---

[1] See former OCGA § 18-2-70 et seq. In 2015, the General Assembly enacted the Uniform Voidable Transactions Act, which has superseded the UFTA with respect to transfers made on or after July 1, 2015. See Ga. L. 2015, p. 996, §§ 4A-1, 7-1 (d) (1). The allegedly fraudulent transfers at issue in this case, however, were made before that time, and as to those transfers, the UFTA still applies.

fraudulent transfers. The trial court dismissed some of those claims on the ground that they did not state claims upon which relief might properly be granted, see OCGA § 9-11-12 (b) (6), and CSB appeals.[2] We affirm in part, reverse in part, vacate in part, and remand for further proceedings consistent with this opinion.

1. CSB contends that the trial court erred when it dismissed two claims against Focus on Design, Inc. and Ward Land Holdings, LLC.[3] In connection with these claims, CSB alleged that Lovell owns Focus on Design, that his wife is a member of Ward Land Holdings, and that Focus on Design conveyed a certain property in Habersham County to Ward Land Holdings with the intent to defraud Lovell's creditors. CSB sought to avoid and set aside that conveyance.

---

[2] The trial court issued a certificate of immediate review, CSB filed an application for leave to take an interlocutory appeal, and that application was granted. See OCGA § 5-6-34 (b). This Court properly has jurisdiction of this appeal because it presents a question about the constitutionality of a statute, see Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1), namely, whether a Georgia statute is preempted by federal law. See Babies Right Start, Inc. v. Georgia Dept. of Public Health, 293 Ga. 553, 554 (1) (748 SE2d 404) (2013).

[3] These claims are set forth in Counts XI and XII of the complaint.

As the trial court recognized, however, the UFTA only permits the avoidance of a fraudulent transfer of a *debtor's* property.[4] Lovell himself is indebted by judgment to CSB, but there is no allegation that Focus on Design is so indebted. It is settled in Georgia that a creditor generally cannot reach the assets of a corporation to satisfy the debt of a shareholder, see Acree v. McMahan, 276 Ga. 880, 881 (585 SE2d 873) (2003), and CSB identifies no basis in this case for departing from that settled rule. The UFTA affords no such basis. Cf. Merrill Ranch Props. v. Austell, 336 Ga. App. 722, 730-731 (2) (784 SE2d 125) (2016) (UFTA affords no basis for creditor to avoid transfers of property by limited liability company of which debtor is a member). The trial court properly dismissed the claims by which CSB sought to avoid and set aside the conveyance from Focus on Design to Ward Land Holdings, and we affirm the dismissal of those claims.

2. CSB also contends that the trial court erred when it dismissed two claims involving a property in Volusia County, Florida, which Lovell conveyed

---

[4] The UFTA authorizes the avoidance of "transfers," see former OCGA § 18-2-77 (a), it defines a "transfer" as "disposing or parting with an asset or an interest in an asset," former OCGA § 18-2-71 (12), and it defines an "asset" as "property of a debtor." Former OCGA § 18-2-71 (2).

to his wife, allegedly with the intent to defraud his creditors.[5] Although CSB asserted those claims in its original complaint, it later filed an amended complaint, purporting to withdraw the claims relating to the property in Florida. CSB filed its amended complaint before the trial court entered or announced its decision to dismiss those claims. Accordingly, CSB argues, those claims were not properly before the trial court, and it had no authority to dismiss them for failure to state a claim upon which relief might properly be granted. We agree.

As Lovell and his wife correctly note, OCGA § 9-11-41 (a) (1) (A) only allows a plaintiff to voluntarily dismiss "an action" by notice of dismissal, and it makes no provision for a plaintiff to voluntarily dismiss fewer than all of its claims. But OCGA § 9-11-15 (a) expressly permits a plaintiff to "amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." Here, CSB withdrew the claims relating to the Florida property by amendment pursuant to § 9-11-15, not by a notice of dismissal under § 9-11-41. Our Court of Appeals has recognized that an amendment under § 9-11-15 is the proper means for a plaintiff to voluntarily withdraw fewer than all of its claims. See Young v. Rider, 208 Ga. App. 147, 148 (2) (430 SE2d 117)

---

[5] These claims are set forth in Counts I and II of the complaint.

(1993) ("Where less than all of a plaintiff's claims are added or dropped, the additions and deletions are not dismissals and renewals governed by OCGA §[ ] 9-11-41 (a) . . . but simply amendments governed by the liberal amendment rules of OCGA § 9-11-15 (a) . . . ."). In cases interpreting and applying Rules 15 and 41 of the Federal Rules of Civil Procedure,[6] the federal courts likewise have held that a plaintiff may withdraw fewer than all of its claims by way of Rule 15. See Klay v. United Healthgroup, 376 F3d 1092, 1106 (III) (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15 (a) rather than dismiss under Rule 41 (a) . . . ."(citation and punctuation omitted)). Because CSB effectively withdrew the claims about the Florida property prior to the entry or announcement of any decision to dismiss those claims, the trial court had no authority to pass on the legal sufficiency of the claims. We vacate the dismissal of the claims relating to the Florida property.

---

[6] OCGA §§ 9-11-15 (a) and 9-11-41 (a) are modeled after Rules 15 (a) and 41 (a), and although there are some differences between the state and federal provisions, those differences are not material to the question presented here. We may, therefore, look for guidance in decisions of the federal courts interpreting and applying Rules 15 (a) and 41 (a). See Ambler v. Archer, 230 Ga. 281, 287-288 (1) (196 SE2d 858) (1973).

3. CSB contends that the trial court erred when it dismissed a claim under the UFTA against Lovell, his wife, and Ankony Land, LLC, relating to another property in Habersham County.[7] According to the complaint, Ankony Land is affiliated with Lovell, and Lovell and Ankony Land both held interests in the property. In January 2010, Lovell and Ankony Land conveyed their interests to Lovell's wife, allegedly with the intent to defraud Lovell's creditors. CSB sought to avoid the conveyance pursuant to former OCGA § 18-2-74 (a) (1).

Lovell, his wife, and Ankony Land moved to dismiss this claim upon three grounds. First, they said, the UFTA claim is time barred under former OCGA § 18-2-79 (1), which provides in pertinent part:

> A cause of action with respect to a fraudulent transfer . . . under [the UFTA] is extinguished unless action is brought . . . [u]nder [OCGA § 18-2-74 (a) (1)] within four years after the transfer was made . . . or, if later, within one year after the transfer . . . was or could reasonably have been discovered by the claimant[.]

Second, they argued, the UFTA claim arose prior to any assignment of Georgia Trust assets to CSB, and under OCGA § 44-12-24, "[a] right of action for . . . injuries arising from fraud to the assignor may not be assigned." Third, CSB had

---

[7] This claim is set forth in Count III of the complaint. By the way, the property at issue in Count III and the Habersham property discussed in Division 1 of this opinion are different properties.

6

actual or constructive notice of the allegedly fraudulent transfer when it acquired the assets of Georgia Trust from the FDIC, they said, and for that reason, the UFTA claim fails as a matter of law.

In response, CSB relied in significant part on the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), noting that CSB asserted its UFTA claims as the successor by assignment of the FDIC in its capacity as receiver of a failed bank. As for the timeliness of its UFTA claim, CSB argued that FIRREA preempts former OCGA § 18-2-79 (1), and its assertion of the UFTA claim was timely under FIRREA. As for whether a UFTA claim can be assigned, CSB urged that a UFTA claim is not "[a] right of action . . . for injuries arising from fraud," and OCGA § 44-12-24 does not apply at all to UFTA claims. If it does apply, CSB added, it too is preempted by federal law. Finally, as for actual or constructive notice of the allegedly fraudulent transfer, CSB argued that such notice would not defeat its UFTA claim in any event.

The trial court rested its dismissal of the claim upon the time bar of former OCGA § 18-2-79 (1), and it did not consider the other grounds asserted by Lovell, his wife, and Ankony Land for dismissing the claim. The trial court reasoned that former OCGA § 18-2-79 (1) is a statute of repose, not a statute of

7

limitation, and FIRREA does not, it concluded, preempt statutes of repose. On appeal, CSB contends that this conclusion was in error, and with that contention, we agree.

To begin, we note some uncertainty about the extent to which the relevant provision of FIRREA, 12 USC § 1821 (d) (14), applies at all in this case. Commonly known as the "FDIC Extender Statute," Section 1821 (d) (14) (A) (ii) provides that "the applicable statute of limitations with regard to any action brought by the [FDIC] as conservator or receiver shall be . . . in the case of any tort claim . . . the longer of . . . the 3-year period beginning on the date the claim accrues[ ] or . . . the period applicable under State law." For purposes of the FDIC Extender Statute, a tort claim accrues on "the later of . . . the date of the appointment of the [FDIC] as conservator or receiver[ ] or . . . the date on which the cause of action accrues." 12 USC § 1821 (d) (14) (B). If the FDIC Extender Statute applies, and if it preempts former OCGA § 18-2-79 (1), CSB timely asserted the UFTA claim in question, inasmuch as it asserted that claim within three years of the date that the FDIC was appointed as the receiver for Georgia Trust.

But as we noted, it is not clear that the FDIC Extender Statute applies at all. For it to apply, CSB would have to stand as the successor by assignment to the FDIC. We hold today in RES-GA McDonough, LLC v. Taylor English Duma LLP, 302 Ga. 444 (807 SE2d 381) (2017), that the Georgia bar against the assignment of fraud claims applies to claims under the UFTA, raising a question in this case about whether federal law preempts that bar as to direct assignees of the FDIC.[8] If CSB stands, in fact, as the successor by assignment to the FDIC, questions would arise about the extent to which the FDIC Extender Statute extends to assignees of the FDIC, whether as a matter of FIRREA itself, federal common law, or Georgia law generally governing the rights of assignees.[9] Before this Court passes upon the constitutionality of a statute, we usually try to resolve the case on other grounds, especially when, as here, it is not entirely clear that the case squarely presents the constitutional question resolved by the trial court. See Deal v. Coleman, 294 Ga. 170, 171 (1), n.7 (751

---

[8] In a number of cases, "[f]ederal courts have upheld the FDIC's assignment of assets pursuant to FIRREA that would have otherwise been barred by state law anti-assignment statutes." First State Bank of NW Ark. v. McClelland Qualified Personal Residence Trust, No. 5:14-CV-130, 2014 WL 6801803 at *5 (M.D. Ga. 2014) (citing cases).

[9] See generally Federal Fin. Co. v. Hall, 108 F3d 46 (4th Cir. 1997) (considering whether federal or state law governs the extent to which the FDIC Extender Statute applies to claims asserted by assignees of FDIC).

9

SE2d 337) (2013). But resolving the predicate questions in this case about the applicability of the FDIC Extender Statute could lead only to questions about the constitutionality of *another* Georgia statute (OCGA § 44-12-24), as well as other difficult issues of both state and federal law. None of those other issues was resolved by the trial court, and none has been fully briefed by both parties on appeal. Accordingly, we will address the question resolved by the trial court, and we will confine our analysis to that question.

The trial court concluded, and Lovell, his wife, and Ankony Land argue on appeal, that a federal extender statute (like the FDIC Extender Statute) does not preempt state statutes of repose. However, "[e]very circuit that has heard this argument has disagreed and held that it does." FDIC v. RBS Securities, 798 F3d 244, 250 (II) (5th Cir. 2015). See also Nat. Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc., 764 F3d 1199 (10th Cir. 2014); Fed. Housing Fin. Agency v. UBS Ams. Inc., 712 F3d 136, 142-144 (2nd Cir. 2013). In concluding otherwise, the trial court relied on CTS Corp. v. Waldburger, ___ U. S. ___ (134 SCt 2175, 189 LE2d 62) (2014), a case in which the United States Supreme Court held that the limitations provision of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) does not preempt state

statutes of repose. But the federal circuit courts have examined at length the reach of the FDIC Extender Statute and other extender statutes like it in light of CTS, and they have concluded that the extender statutes are materially unlike the CERCLA limitations provision at issue in CTS and displace conflicting statutes of repose. See RBS Securities, 798 F3d at 254-262 (IV). See also Nat. Credit Union Admin. Bd. v. RBS Securities, 833 F3d 1125, 1133-1135 (I) (a) (3) (9th Cir. 2016); Nomura, 764 F3d at 1208-1217 (II). We find these decisions of the federal circuit courts persuasive, and "[w]e join all appellate courts to have considered the question of whether an extender statute like the one in FIRREA applies to both statutes of limitations and statutes of repose and find that it does." RBS Securities, 833 F3d at 1130 (I) (a).

Even if former OCGA § 18-2-79 (1) is a statute of repose, the trial court was wrong to conclude that the FDIC Extender Statute could not possibly preempt a statute of repose. Whether the FDIC Extender Statute applies at all in this case, and whether it actually preempts former OCGA § 18-2-79 (1), are matters that we leave for the trial court to resolve on remand. The dismissal of the UFTA claim relating to the conveyance from Lovell and Ankony Land to his wife is reversed, and this case is remanded for the trial court to reconsider

11

whether CSB states a claim with respect to that conveyance upon which relief might properly be granted.

4. The trial court also dismissed derivative claims for attorney fees under OCGA § 13-6-11 and punitive damages, reasoning that it had dismissed all of the substantive claims upon which the derivative claims depended. But the trial court was mistaken — it did not dismiss all of the substantive claims. Moreover, in Division 3 above, we explained that the trial court erred when it dismissed the UFTA claim against Lovell, his wife, and Ankony Land relating to a property in Habersham County. As things stand now, substantive claims remain pursuant to which attorney fees and punitive damages may be available. See In the Matter of Southern Home and Ranch Supply, 561 BR 810, 818-819 (B) (N.D. Ga. 2016). We therefore reverse the dismissal of the derivative claims.

Judgment affirmed in part, reversed in part, and vacated in part, and case remanded with direction. All the Justices concur, except Peterson, J., not participating.

Decided October 30, 2017.

12

Fraudulent transfers; constitutional question. Habersham Superior Court. Before Judge Smith.

Thompson, O'Brien, Kemp & Nasuti, Bret T. Thrasher; Jones Walker, William J. Shaughnessy; Barnes & Thornburg, Sarah H. Newman, for appellant.

Schreeder, Wheeler & Flint, John A. Christy, Andrew J. Lavoie; The Carr Law Group, James H. Cox, for appellees.