**THIRD DIVISION**
**MARKLE, WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 12, 2026**

# In the Court of Appeals of Georgia

A25A1824. PACES FUNDING, LLC v. TILMAN IV, et al.

MARKLE, Judge.

This is the second appearance of this case before this Court. The facts are set forth in more detail in our prior opinion in *Paces Funding v. Tillman*, 372 Ga. App. 168 (904 SE2d 18) (2024). In that appeal, Appellant challenged the trial court's dismissal of two counts of its three-count complaint. After the dismissal, Appellant withdrew the only remaining count. On appeal, Appellant argued that the dismissal was a final order because no claims remained pending in the trial court. *Paces Funding*, 372 Ga. App. at 169. We dismissed the appeal, finding that we lacked jurisdiction because the trial court's order was not final as contemplated by the plain language of OCGA § 5-6-34(a) and (b). *Paces Funding*, 372 Ga. App. at 171(a)-174(b).

After the return of the remittitur, Appellant requested the trial court enter a final judgment so it could pursue an appeal. The trial court denied the motion, finding that it was divested of jurisdiction to enter any further orders once Appellant had withdrawn the only remaining count. The trial court also entered an order closing the case, as nothing remained pending before it.

In the subject appeal, Appellant argues that the trial court erred in determining it lacked jurisdiction to enter a final judgment because Appellant never actually dismissed its action.[1] We disagree.

In the prior appeal, we rejected Appellant's arguments regarding dismissing a case under OCGA § 9-11-41 and dropping claims under OCGA § 9-11-15. *Paces*

---

[1] In response, Appellees moved to dismiss the appeal, arguing that the trial court's order is not a final appealable order. Before we may consider the merits of an appeal, we must determine our jurisdiction to hear the matter. *Studdard v. Satcher, Chick, Kapfer, Inc.*, 217 Ga. App. 1, 2 (456 SE2d 71) (1995). As we stated in the prior appeal of this case, under OCGA § 5-6-34(a)(1), direct appeals may only be taken from "final judgments, that is to say, where the case is no longer pending in the court below[.]" *Paces Funding*, 372 Ga. App. at 169. See also *GS CleanTech Corp. v. Cantor Colburn, LLP*, 364 Ga. App. 354, 358 (1) (874 SE2d 859) (2022) (quotation marks omitted). See also *Yanes v. Escobar*, 362 Ga. App. 896, 897 (870 SE2d 506) (2022). Because the trial court's order denying Appellant's motion for entry of a final judgment left no issue remaining to be resolved, it was a final order for purposes of appeal. *GS CleanTech Corp.*, 364 Ga. App. at 358 (1). See also OCGA § 5-6-34(a)(1). Thus, we have jurisdiction to decide this appeal.

*Funding*, 372 Ga. App. at 172(b). Appellant has cited no new authority that changes the foundational principles of appellate practice discussed therein. Quite simply, after the remittitur was filed in the trial court, the case remained dismissed.

The trial court properly determined it lacked jurisdiction to enter a final judgment. A voluntary dismissal of a case operates to divest the trial court of jurisdiction, leaving it without authority to enter any additional orders. *Gallagher v. Fiderion Group*, 300 Ga. App. 434, 435-36(1) (685 SE2d 387) (2009). See also *Montgomery v. Morris*, 322 Ga. App. 558, 560(1) (745 SE2d 778) (2013). Here, Appellant's voluntary withdrawal of its sole remaining claim had the same effect as a voluntary dismissal of its case, regardless of how Appellant characterized it. The trial court was thus deprived of jurisdiction to enter any further orders. See *Gallagher*, 300 Ga. App. at 435-36(1). See also *Montgomery*, 322 Ga. App. at 560(1). Accordingly, upon the remittitur from this Court, the trial court lacked jurisdiction to enter a final judgment in this case, and we affirm the denial of Appellant's motion.

In light of our conclusion here, we do not reach the merits of Appellant's remaining arguments on appeal.[2]

*Judgment affirmed. Padgett, J., concurs. Watkins, J., dissents.*

---

[2] Appellees Tilman and Helix Private Lending Income Fund I, LLC also sought sanctions against Appellant pursuant to Court of Appeals Rule 7(e)(2) and (3) for filing a frivolous appeal. However, we decline to grant sanctions at this time.

A25A1824. PACES FUNDING, LLC v. TILMAN IV et al.

WATKINS, Judge, dissenting.

As a threshold matter, I fully agree with the majority's denial of Appellees' motion to dismiss this appeal. The trial court had jurisdiction to enter an order resolving Appellant's motion for entry of final judgment, and the trial court's order left no issue pending in the case. Regarding the majority's conclusion that the trial court lacked jurisdiction to enter the final judgment Appellant had requested, however, I respectfully dissent.

As set forth in our prior appeal ("*Paces Funding I*"), the trial court dismissed two of Appellant's three claims, and Appellant then withdrew its remaining claim by filing an amended complaint under OCGA § 9-11-15. In *Paces Funding I*, we concluded

that Appellant's withdrawal of his remaining claim did not have the effect of making the trial court's dismissal order final.

After we dismissed that appeal, Appellant moved the trial court for entry of a final judgment. Appellees opposed the motion, arguing that Appellant's "Amended Complaint withdrawing Count I was a dismissal of that Count." The trial court agreed with the appellees, and the majority has concluded that the trial court was correct. For the reasons that follow, I disagree.

First, Appellant acted under OCGA § 9-11-15, not OCGA § 9-11-41. As our Supreme Court has stated, "[w]here less than all of a plaintiff's claims are added or dropped, the additions and deletions are *not dismissals* and renewals governed by OCGA § 9-11-41 (a) but *simply amendments* governed by the liberal amendment rules of OCGA § 9-11-15 (a)." *Community & Southern Bank v. Lovell*, 302 Ga. 375, 377 (2) (807 SE2d 444) (2017) (quoting *Young v. Rider*, 208 Ga. App. 147, 148 (2) (430 SE2d 117) (1993)) (punctuation omitted; emphasis added).

Second, although it is clear that a *dismissal* divests the trial court of jurisdiction to enter further orders, see *Montgomery*, 322 Ga. App. at 560(1), I have found no such precedent regarding an amendment pursuant to OCGA § 9-11-15. Given the lack of binding precedent on this issue, we may "look for guidance in decisions of the federal

2

courts interpreting and applying Rules 15 (a) and 41 (a)." *Community & Southern Bank*, 302 Ga. at 377(2)n.6.

Third, federal cases are indeed instructive. In *Perry*, the Eleventh Circuit set forth a roadmap for what plaintiffs in Appellant's situation can do to avoid landing in what that Court describes as "the dreaded 'finality trap.'"[1] 891 F.3d at 959(II)n.3. The plaintiff in *Perry* arrived at a point where seven of her eight claims had been disposed of and only one count remained. Id. at 956(I). Not wanting to proceed to trial on that claim alone, the plaintiff entered into a joint stipulation for voluntary dismissal of the remaining claim under Federal Rule of Civil Procedure 41 (a) and subsequently moved the district court to enter final judgment under Federal Rule of Civil Procedure 54(b). Id. at 957(I). The district court denied the motion, concluding that it lacked jurisdiction to enter such judgment in light of the joint stipulation. The Eleventh Circuit disagreed and held that the district court "had (and still has) jurisdiction over the case[.]" Id. at 957(II).

---

[1] While we deemed *Perry* to be unpersuasive in *Paces Funding I*, we did so in the context of concluding that Appellant's withdrawal of its remaining claim did not have the effect of converting a non-final dismissal order into a final order within the meaning of OCGA § 5-6-34(a). The current appeal presents a different issue.

As the foundation for its holding, the *Perry* Court explained that the joint stipulation was "invalid" because Rule 41(a) cannot be used to dismiss only one claim, rather than an entire case; where a plaintiff wishes "to dismiss a single claim without dismissing an entire action[,]" she can "amend the complaint to eliminate the remaining claim, pursuant to Rule 15."Id. at 958(II). This is, as outlined above, consistent with the Georgia Supreme Court's holding in *Community & Southern Bank*, 302 Ga. at 377 (2).

And in *Perry*, the Eleventh Circuit ultimately advised: "Had [the plaintiff] amended her complaint to remove that claim, the District Court would have entered final judgment against her and she could have appealed everything at once. In short, Rule 15 was designed for situations like this." Id. at 958(II). Since *Perry*, the Eleventh Circuit has reiterated the validity of this roadmap, stating:

> Our cases make clear that a voluntary dismissal purporting to dismiss a single claim is invalid, even if all other claims in the action have already been resolved. The lower court still must address or otherwise dispose of the claim in some manner. Does this rule create procedural oddities? Not if parties plan around it. Litigants who wish to dismiss, settle, or otherwise resolve less than an entire action can ensure that they receive a final judgment on the remainder of their claims—which means that we

have appellate jurisdiction—by . . . amending their complaints under Rule 15. *Perry*, 891 F.3d at 958.

*Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023) (citation and punctuation omitted).

In the case before us, Appellant followed the roadmap set forth in *Perry*. After amending its complaint to remove the remaining claim, Appellant asked the trial court to enter a final judgment. Based on the foregoing principles and authority, I believe the trial court erred in concluding that it lacked jurisdiction to enter the final judgment Appellant requested. I would vacate the trial court's order and remand the case for entry of a final judgment.